UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Siji Yu

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

Knghterl, LLC, An Intelligrated Company

_____

*(In the space above enter the full name(s) of the defendant(s).
If you cannot fit the names of all of the defendants in the space
provided, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of names.
Typically, the company or organization named in your charge
to the Equal Employment Opportunity Commission should be
named as a defendant.  Addresses should not be included here.)*

**15 CV    9340**

**COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

Jury Trial: ☒ Yes  ☐ No

*(check one)*

**JUDGE KARAS**

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____  ✓   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e
to 2000e-17 (race, color, gender, religion, national origin).
*NOTE:  In order to bring suit in federal district court under Title VII, you must first obtain a
Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____  ✓   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§
621 - 634.
*NOTE:  In order to bring suit in federal district court under the Age Discrimination in
Employment Act, you must first file a charge with the Equal Employment Opportunity
Commission.*

_____       Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 -
12117.
*NOTE: In order to bring suit in federal district court under the Americans with Disabilities Act,
you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity
Commission.*

_____  ✓   New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age,
race, creed, color, national origin, sexual orientation, military status, sex,
disability, predisposing genetic chacteristics, marital status).

_____       New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to
131 (actual or perceived age, race, creed, color, national origin, gender,
disability, marital status, partnership status, sexual orientation, alienage,
citizenship status).

*Rev. 05/2010*                    1

## I.     Parties in this complaint:

A.   List your name, address and telephone number.  Do the same for any additional plaintiffs named.
     Attach additional sheets of paper as necessary.

Plaintiff     Name ___ *Siji Yu* _____

Street Address ___ *81 Fenton Way* _____

County, City ___ *Dutchess, Hopewell Junction* ___

State & Zip Code ___ *NY      12533* ___

Telephone Number ___ *646 - 639 - 3831* ___

B.   List all defendants' names and the address where each defendant may be served.  Make sure that the
     defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets
     of paper as necessary.

Defendant     Name ___ *Knighted LLC, An Intelligrated Company* ___

Street Address ___ *555 Taxter Rd.  5th fl.* ___

County, City ___ *Westchester, Elmsford.* ___

State & Zip Code ___ *NY     10523* ___

Telephone Number _____

C.   The address at which I sought employment or was employed by the defendant(s) is:

Employer ___ *Knighted LLC, An Intelligrated Company* ___

Street Address ___ *555 Taxter Rd   5th fl.* ___

County, City ___ *Westchester, Elmsford,* ___

State & Zip Code ___ *NY     10523* ___

Telephone Number _____

## II.     Statement of Claim:

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events.  Describe how you were
discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts
to support those claims.  You may wish to include further details such as the names of other persons involved
in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related
claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as
necessary.

A.  The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

_____          Failure to hire me.

__X__             Termination of my employment.

__X__             Failure to promote me.

_____          Failure to accommodate my disability.

__X__             Unequal terms and conditions of my employment.

X         Retaliation.

X         Other acts *(specify)*: _gross negligency, conspiracy_

*Note:    Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B.    It is my best recollection that the alleged discriminatory acts occurred on: _April 1, 4 2014_
                                                                       *Date(s)*

C.    I believe that defendant(s) *(check one)*:

    X         is still committing these acts against me.

               is not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

    ☒    race _____        ☒    color _____

    ☐    gender/sex _____        ☐    religion _____

    ☐    national origin _____

    ☒    age.    My date of birth is _2 / 1 / 55_    (Give your date of birth only
                              *if you are asserting a claim of age discrimination.)*

    ☐    disability or perceived disability, _____ *(specify)*

E.    The facts of my case are as follow *(attach additional sheets as necessary)*:

    _See attached complaint for details ._

*Note:    As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

## III.    Exhaustion of Federal Administrative Remedies:

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _Feb 2, 2015_    *(Date)*.

B.      The Equal Employment Opportunity Commission *(check one)*:

_____      has not issued a Notice of Right to Sue letter.

_____α_____      issued a Notice of Right to Sue letter, which I received on *Sept. 3, 2015 (Date)*.

> *Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.      Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____ℓ_____      60 days or more have elapsed.

_____      less than 60 days have elapsed.

## IV.      Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____ *See attached Complaint* _____

_____

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

I declare under penalty of perjury that the foregoing is true and correct.

Signed this *30* day of *Nov.*, 20*15*

Signature of Plaintiff _____

Address  _____

*81 Fenton Way*

*Hopewell Junction*

*NY  12533*

Telephone Number  _____ *646-639-3837* _____

Fax Number *(if you have one)* _____

Yu v. Knighted, LLC. an Intelligrated Company.

## IN UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

Siji Yu,

              Plaintiff,

    - against -

Knighted, LLC. an Intelligrated Company,

              Defendant.

---------------------------------------------------------x

**COMPLAINT**

**JURY TRIAL DEMANDED**

## NATURE OF THE CASE

1.    This action is brought for discrimination, retaliation, gross negligence, conspiracy in employment pursuant to Title VII of the Civil Rights Act 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII") *et seq.*, Age Discrimination and retaliation in Employment Act, as codified, 29 U.S.C. §§ 621-34 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 99-592, the Civil Rights Act of 1991, Pub. L. No. 102-166) ("ADEA") *et seq.*, The Civil Rights Act of 1991 ("CRA"), as codified, 42 U.S.C. §§ 1981a *et seq.*, 42 U.S.C § 1983., The Fair Labor Standards Act ("FLSA"), The New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 to 297.

## JURISDICTION AND VENUE

2.    Jurisdiction is specifically conferred upon this United States District Court by the aforementioned

Yu v. Knighted, LLC. an Intelligrated Company.

statutes, as well as 28 U.S.C. §§ 1331, and 1343.
Jurisdiction may also be appropriate under 42 U.S.C.
§§ 1981, 1983 and 1985(3), as amended by the Civil
Rights Act of 1991, Pub. L. No. 102-166, and any
related claims under New York law.

3.    Venue is properly placed in this District in that
Defendant has its principle place of business in this
District and also the events which gave rise to this
action occurred within this District. Additionally,
venue is proper pursuant to §7106 of the
Unconsolidated Laws of New York in that this judicial
district lies wholly or partially within the Port of
New York district.

## PROCEDURAL REQUIREMENTS

4.    On or about early February 2015, Plaintiff timely
filed charges of retaliation, discriminations with the
U.S. Equal Employment Opportunity Commission ("EEOC")
and New York State Division of Human Rights. Plaintiff
brings this action within ninety (90) days of the
receipt of a Notice of Right to Sue, issued by the
EEOC on or about August 31, 2015[1].

## PARTIES

5.    Plaintiff, Siji Yu (hereinafter "Plaintiff"), is
and was, at all times mentioned herein, a citizen of

---

[1] EEOC Charge No. 16GB501407, 16G-2015-01407 from New York Distric
Office, 33 Whithall Street, New York, NY 10004. Attached to this
complaaint as Exhibit A.

Yu v. Knighted, LLC. an Intelligrated Company.

the United States and a resident of the State of New
York.

6.      Plaintiff resides at 81 Fenton Way, Hopewell
Junction, NY 12533. His phone number is (646) 639-3837.

7.      Plaintiff was, at all times mentioned herein, 59
years old in 2014.

8.      Plaintiff, is and was, at all times mentioned
herein, of Chinese national origin.

9.      Plaintiff, is and was, at all times mentioned
hereis, of Asian-American, non-White.

10.     Plaintiff has earned dual Master degrees from two
(2) of the oldest Engineering Graduate Schools in the
Unites States in late 1980s and early 1990s, respectively.

11.     Plaintiff, as an IT professional, had had over two
decades experience and been servicing various institutions
in the U.S.A.

12.     Plaintiff was, at all times mentioned herein, an
permanent employee of Defendant, Knighted, LLC, an
Intelligrated Company (hereinafter, "Defendant").

13.     Plaintiff was, at all times mentioned herein, a
permanent employee within the meaning of the ADEA,
Title VII, and NYSHRL.

14.     Upon information and belief, Defendant is and was,
at all times mentioned herein, a corporation
established in year 2001. Defendant had acquired and
fully owned Knighted, LLC. which was established in
year 1994 in New York State, at the end of year 2012.
Currently Defendant employs approximately 2,700
employees ("associates").

15.     Upon information and belief, Defendant is located
at 555 Texter Road, Elmsford, NY 10523.

Yu v. Knighted, LLC. an Intelligrated Company.

16.     Upon information and belief, Defendant[2] is and was, at all times mentioned herein, an "employer" within the meaning of the ADEA, Title VII, FLSA and NYSHRL.

## **FACTS**

17.     Plaintiff was commenced his employment, as a full time, permanent employee, on July 22, 2013 at Knighted, LLC. an Intelligrated Company, at its Ossining, New York's office.

18.     Plaintiff was a Senior Database Administrator ("DBA"), a sole person who had taken full responsibilities on all databases, including inside the company and its all outside existing and prospective customers.

19.     In October 2013, the Knighted, LLC. an Intelligrated Company had moved its office to Elmsford, New York. Plaintiff had been working in that office since then.

20.     Plaintiff had been appreciated by his colleagues, managers, outsourcing teams, and customers, during entire his tenure with the Knighted, LLC, from July

---

[2] Named individual of Defendant were:
- Mr. Darryl Lister ("Lister") had joined Defendant in May 2014 and Plaintiff's third immediate supervisor with total four (4) immediate subordinates.
- Ms. Katie Becker ("Becker") was a person in the Human Resources.
- Mr. Bernie Hess ("Hess") was Becker's manager.
- Ms. Alice Kijak ("Kijak") was a manager in Elmsford, New York's office.
- Mr. Tom Luerss ("Luers") was a manager in the HR.

Yu v. Knighted, LLC. an Intelligrated Company.

2013 to August 2014, for his dedication, contributions,
initiatives, deliveries, professionalism, team-player,
coordination, multitaking, prioritizing, timeliness,
effectiveness, communication, superior analytic,
problem solving, increasing revenues, expertise, etc.

21.    In early year 2014, Plaintiff had been rated at
top score, 5-Mastery, on ALL relevant categories in
the annual appraisal by his two immediate supervisors,
a director and a vice president (VP).

22.    The relevant categories in the annual appraisal,
such as but not limited to, are accountability, action
oriented, attention to detail, business acumen,
commitment to professional growth & development,
communication, computer & software skills, customer
passion & commitment, decision quality, independence,
initiative, innovation & continuous improvement,
integrity & ethics, multitasking, problem solving,
quality & excellence, teamwork, and written
communication.

23.    In the middle of February 2014, a senior vice
president (SVP) had had a meeting with entire staff /
associates at Elmsford, New York.

24.    In this meeting, the SVP had announced all
associates have to work extra 10 hours per week with
promised overtime pay, regardless employee status,
such as exempt as Plaintiff's.

25.    Within a few weeks, Plaintiff's immediate
supervisor, vice president (VP), had re-comfirmed
overtime requirement and promised overtime pay
regardless employee's status, such as exempt as
Plaintiff's.

Yu v. Knighted, LLC. an Intelligrated Company.

26.    In early April 2014, Plaintiff, at his office in
       Elmsford, New York, was introduced to Mr. Darryl
       Lister ("Lister") who was visiting from Baton Rouge,
       Louisiana.

27.    In very next day morning, Plaintiff had briefed
       Lister for more than 30 minutes as scheduled.

28.    This was an only occasion that Plaintiff had met
       Lister in person.

29.    In early May 2014, Lister was becoming
       Plaintiff's third immediate supervisor through merely
       approving weekly timesheet.

30.    In middle May 2014, Defendant had officially
       announced Lister had just joined Knighted, LLC. an
       Intelligrated Company.

31.    Lister's office was in Atlanta, George.

32.    Lister was quickly relocated to Atlanta, George
       from Baton Rouge, Louisiana in and around early July
       2014.

33.    In May 2014, Plaintiff had talked to Lister
       regarding required extra 10-hour per week overtime and
       unpaid promised overtime payment.

34.    Lister had just required Plaintiff continue to
       work with extra 10 hours per week but without promised
       overtime payment with no explanation.

35.    Plaintiff complained to Lister unfair, illegal
       discriminatory conduct because other younger
       associates in Elmsford, New York's office had already
       gotten their promised overtime payments.

36.    Lister had scheduled "*One on One Meeting once
       every 2 weeks on Monday*" with Plaintiff over the phone
       on June 11, 2014, starting on Monday June 23, 2014.

Yu v. Knighted, LLC. an Intelligrated Company.

37.    Before July 1, 2014, Plaintiff had talked to
       Lister regarding annual salary raise.

38.    Lister had refused to respond to Plaintiff's
       request regarding coming annual salary raise.

39.    Lister had just overlooked Plaintiff's getting
       annual salary raise as all other associates' getting.

40.    Lister had had total four (4) immediate
       subordinates when associates' getting annual salary
       raise.

41.    Lister had actually given all *three (3)* his
       immediate, *White* subordinates annual salary raise.

42.    Plaintiff had complained to Lister for the
       overlook, discrimination on annual salary raise.

43.    Plaintiff had asked Lister reconsider and correct
       his illegal discriminatory conduct.

44.    Shortly after that, Lister had hired a new person
       who was a non Asian-American, much younger than
       Plaintiff.

45.    This new person would *"be running our performance
       Engineering dept[department]"* as Lister announced.

46.    As matter of fact, Lister had willfully,
       illegally overlooked Plaintiff for the promotion.

47.    This new person had also taken some Plaintiff's
       responsibilities as well.

48.    As matter of fact, Plaintiff had effectively been
       demoted by Lister.

49.    Plaintiff had immediately complained to Lister
       his illegal discriminatory, retaliatory conduct.

50.    As scheduled several days ago to follow-up on one
       of projects Plaintiff had spent time in researching,
       talking to the third party, Plaintiff was timely
       attending at 11:00 am, August 11, 2014, meeting

Yu v. Knighted, LLC. an Intelligrated Company.

brought with his research notes, feedback from the
third party, and highlights.

51.    Immediately after Plaintiff sat down, instead of
following up, as scheduled, on Plaintiff's research,
feedback from the third party, and further discussion,
Alice Kijak ("Kijak"), a manager in Elmsford, New
York's office, showed Plaintiff a piece of print-out
paper – EMPLOYEE REPRIMAND RECORD ("written warning")
– from Lister who was on the line and talking to Kijak
when Plaintiff knocked the door.

52.    Kijak said this is a written warning from Lister
who asked me, as a witness, to present it you
[Plaintiff].

53.    Plaintiff told them that pursuant to the policy
of "Equal Employment Opportunity" ("EEO"), Plaintiff
had to immediately report to the Human Resources ("the
HR").

54.    Plaintiff had immediately contacted with the HR.

55.    Plaintiff had told Ms. Katie Becker ("Becker") of
the HR that Lister had willfully, illegally
discriminated and retaliated against Plaintiff on many
occasions, such as unpaid promised overtime pay,
overlooked annual salary raise, overlooked promotion,
effective demotion, manufactured written warning,
Plaintiff's legally protected rights, protests, and
complains as well.

56.    Becker had promised Plaintiff to investigate
discrimination and retaliation complains, including
Lister's manufactured written warning.

57.    Plaintiff had explicitly stated to Becker that
the complains and investigation should, pursuant to
the policies and laws, keep in confidential.

Yu v. Knighted, LLC. an Intelligrated Company.

58.   Becker had told Plaintiff not to contact with
Lister in dealing with written warning, complains,
investigation.

59.   Plaintiff had emailed to Becker and stated that
"I'll [Plaintiff will] submit my written complaint on
discrimination and retaliation against me [to the HR]
soon".

60.   Becker had replied Plaintiff's email and attached
the Complaint Form 11 minutes after noon.

61.   Plaintiff had continued his work.

62.   Plaintiff had replied to Becker that he would
submit written discrimination, retaliation complaint
next day.

63.   Becker responded with "...The sooner you
[Plaintiff] can return this documentation [written
complaint], the sooner we [Defendant] can
investigate."

64.   Lister had sent Plaintiff for the 4 pm conference
call ("the 4 pm conference call") with him alone.

65.   Plaintiff replied to Lister with "I [plaintiff]
had immediately and directly contacted with the HR".

66.   Plaintiff replied to Lister with " The HR & I
[Plaintiff] have been in the process to deal with the
complaint"

67.   Plaintiff replied to Lister with "I [Plaintiff]
have already mentioned to Alice [Kijak] the process
ongoing with the HR."

68.   Before submitted written discrimination,
retaliation complaint and finish of investigation by
the HR, Plaintiff was told by Becker not directly to
contact with Lister in dealing with written warning,
complains and investigation which are confidential.

Yu v. Knighted, LLC. an Intelligrated Company.

69.     Minutes passed 4 p.m. O'clock on the same say,
        Plaintiff was forced into a room.

70.     In the room, there were two (2) Elmsford, New
        York office's managers. Lister and Becker were on the
        line.

71.     Plaintiff had immediately requested and gotten
        consent on having Audio Recording.

72.     Plaintiff had recorded entire course of the 4 pm
        conference call ("The 4 pm conference call").

73.     Shortly started the 4 pm conference call, Becker
        had announced the suspension on Plaintiff because *it
        gives you [Plaintiff] time to submit your [written
        complaint] form that you want to submit to HR and
        we'll [Defendant will] continue investigating the
        Employee Reprimand [written warning] form that Darryl
        [Lister] wanted to issue today as well."

74.     Becker had stated that the suspension will "allow
        us [defendant] time to investigate the complaint
        [written complaint from Plaintiff which Plaintiff was
        going to submit next day]" as well.

**75.**     Becker had stated that the suspension would be
        "for an indefinite period of time pending the
        investigation of his [Plaintiff's] complaint."

76.     Plaintiff had immediately, legally *protested*
        retaliatory *reprimand [written warning] as well as
        suspension,* gross negligence of depriving his
        protected rights.

77.     Plaintiff had immediately requested Becker revoke
        illegal conduct. Becker had refused to revoke them.

78.     Plaintiff had requested Becker write down what
        she had announced and presented relevant policies and
        laws in written.

Yu v. Knighted, LLC. an Intelligrated Company.

79.  Becker had taken much longer time to write down only two (2) sentences statement and emailed it to a manager who was in the room.

80.  Plaintiff requested to escalate it to the upper manager.

81.  Shortly received the copy of print-out of Becker's email, Plaintiff had immediately called Becker's manager, Mr. Bernie Hess ("Hess").

82.  Hess was unaware of what Becker had done to Plaintiff, Plaintiff's complains.

83.  Plaintiff had spent time in reiterating to Hess what had happened, including what Plaintiff had complained discrimination, retaliation to Becker before noon – hours ago – and thereafter what had just happened during the entire course of the 4 pm conference call.

84.  Hess had told Plaintiff that the HR [Defendant] would investigate them soon and would give back to Plaintiff next day, and asked Plaintiff submit written discrimination, retaliation complaint soon as well.

85.  In very early morning next day – August 12, 2014, Hess called Plaintiff and told Plaintiff that his employment with Defendant terminated, effective immediately, without investigation, *prior to receiving the written [discrimination, retaliation] complaint from* Plaintiff.

86.  Defendant had illegally conspired to deprive Plaintiff of his constitutional, civil rights.

87.  Defendant had illegally, intentionally gross negligent in depriving Plaintiff of his constitutional, civil rights.

Yu v. Knighted, LLC. an Intelligrated Company.

88.    Plaintiff had legally protested defendant's
conducts of illegal discriminatory, retaliatory,
conspiracy, gross negligence.

89.    Plaintiff had stated to Hess that in order to
mitigate the damages caused by Defendant, he would
submit written discrimination, retaliation complaint
for the investigation soon.

90.    In late afternoon on the same day, August 12,
2014, Plaintiff had submitted written discrimination,
retaliation complaint, first part, to Hess and CCed
Becker & Mr. Tom Luers ("Luers").

91.    Plaintiff had, in good faith, requested Defendant
investigate discrimination, retaliation complaint
according to policies and laws thoroughly and timely.

92.    Plaintiff had repeatedly stated his willingness
to produce more supported evidence for the
investigation.

93.    For next several weeks, Hess, Defendant had never
requested any evidence from Plaintiff.

94.    Meanwhile, Hess, Defendant had many times,
repeatedly refused to respond to Plaintiff with
written results from himself claimed investigation.

95.    As a bread earner for his family, from earning
$115,000.00 a year to suddenly, unlawfully unemployed
with zero incomes, after exhausted, in good faith,
efforts with Defendant, Plaintiff had to reluctantly
claim unemployment benefit - $405.00 per week, at end
of August 2014.

96.    Defendant had responded to the State of New York
Department of Labor Unemployment Insurance Unit ("the
Department of Labor") and stated that Plaintiff was

Yu v. Knighted, LLC. an Intelligrated Company.

terminated for his misconduct at the 4 pm conference
call.

97.    Without investigation, without supported evidence,
the Department of Labor had issued the initial
determination disqualifying the Plaintiff from
receiving unemployment benefits on the basis the
Plaintiff lost employment through misconduct.

98.    Plaintiff had requested hearing to State of New
York Unemployment Insurance Appeal Board
Administrative Law Judge Section ("ALJ Court").

99.    Plaintiff had produced abundant supported
evidence, including the Audio Recording of entire the
4 PM conference call.

100.   Defendant had repeatedly failed to produce any
supported evidence, even willfully disobeyed Judges'
orders of the ALJ Court.

101.   Defendant had repeatedly refused to produce more
first-hand witnesses, including Lister, other
manager(s) in nearby Elmsford, New York's office at
least, to have testimony and cross-examination.

102.   Defendant had had Becker as only one first-hand
witness for the ALJ court'a all hearings via phone
call.

103.   From January to March 2015, ALJ Court had held
total three (3) hearings.

104.   Plaintiff had represented himself in person for
all three (3) ALJ Court hearings.

105.   Under oath, Becker, as only one first-hand
witness represented Defendant, on the first ALJ Court
hearing held on January 9, 2015, had had testimonies
and cross-examines without any supported evidence.

Yu v. Knighted, LLC. an Intelligrated Company.

106.    During the entire course of this first ALJ Court
        hearing, under oath, Becker had falsely accused of
        Plaintiff what Becker had intended to during the
        course of the 4 pm conference call, what Becker had
        stated to the Department of Labor, and what Becker had
        told Hess and others inside Defendant.

107.    During the entire course of this first ALJ Court
        hearing, all accusations from Becker's under oath
        testimonies and corss-examinations had proved to be
        contradicted to material facts.

108.    Under oath, Plaintiff represented himself for the
        second ALJ Court hearing held on March 12, 2015, had
        had testimonies, cross-examinations, with abundant
        supported evidence produced by Plaintiff, including
        the Audio Recording for the entire course of the 4 PM
        conference call.

109.    Plaintiff's under oath testimonies, corss-
        examinations with abundant supported evidence had
        proved all Becker's accusations are contradicted to
        material facts supported by abundant evidence.

110.    ALJ Court judge had explicitly ordered Becker to
        listen to the Audio Recording for entire course of the
        4 pm conference call.

111.    ALJ Court Judge had given Becker more than week
        to prepare to pinpoint Becker's accusations in coming
        third ALJ Court hearing.

112.    Under oath, Becker, on the third ALJ Court
        hearing held on March 31, 2015, was unable to pinpoint
        a single specific her accusations against Plaintiff
        from the entire Audio Recording of the entire course
        of the 4 pm conference call.

Yu v. Knighted, LLC. an Intelligrated Company.

113.    ALJ Court Judge had reiterated the order several time to Becker during course of this hearing.

114.    Becker had repeatedly disobeyed ALJ Court Judge's order.

115.    Plaintiff had repeatedly reminded Becker and read specific statements which Becker had stated during the course of the 4 pm conference call.

116.    Becker had just failed, refused to pinpoint any specific accusations from the Audio Recording of entire course of the 4 pm conference call.

117.    After thorough investigation based on abundant supported evidence, three (3) hearings, ALJ Court Judge had *overruled the initial determination* made by the Department of Labor.

118.    Defendant had appealed ALJ Court Judge's decision to the State of New York Unemployment Insurance Appeal Board ("The Appeal Board").

119.    In Defendant's Notice of Appeal to The Appeal Board, Defendant had reiterated what Defendant had, in written, responded to Plaintiff's complaint filed in February 2015 to the State of New York Division of Human Rights ("NYSDHR") and Equal Employment Opportunity Commission ("EEOC").

120.    The Appeal Board had "*reviewed the entire record and have considered the testimony and other evidence.*"

121.    The Appeal Board had "*concluded that as the claimant's [Plaintiff's] employment ended under nondisqualifying conditions.*"

122.    The Appeal Board had *affirmed* the decision of the Administrative Law Judge (ALJ Court Judge's decision).

Yu v. Knighted, LLC. an Intelligrated Company.

## AS AND FOR A FIRST CAUSE OF ACTION

123.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 17 through 122 of this Complaint with the same force and effects as if set forth herein.

124.    Plaintiff, was 58 years old had been discriminated and denied on receiving promised overtime payment as all younger associates received.

125.    That as a result of the foregoing, Defendant violated the ADEA, FLSA, and NYSHRL.

126.    By reason of the decision of Defendant, Plaintiff has lost wages and other compensation.

## AS AND FOR A SECOND CAUSE OF ACTION

**127.**    Plaintiff repeats and realleges each and every allegation contained in paragraphs 17 through 126 of this Complaint with the same force and effects as if set forth herein.

128.    Plaintiff, is and was a citizen of the United States, of Asian-American, non-White, had had legally protected opposed Defendant's unlawful discriminatory activities. Defendant made decision of overlooking Plaintiff for annual salary raise.

129.    That as a result of the foregoing, Defendant violated the Title VII, NYSHRL.

130.    By reason of the decision of Defendant, Plaintiff has lost wages and other compensation.

## AS AND FOR A THIRD CAUSE OF ACTION

Yu v. Knighted, LLC. an Intelligrated Company.

131.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 17 through 130 of this Complaint with the same force and effects as if set forth herein.

132.    Plaintiff, was 58 years old, an Asian-American, had had legally protected protested against Defendant's unlawful discriminatory, retaliatory conducts. Defendant had made decision of effectively demoting Plaintiff and overlooking Plaintiff's promotion.

133.    That as a result of the foregoing, Defendant violated the ADEA, Title VII, NYSHRL.

134.    By reason of the decision of Defendant, Plaintiff has lost wages and other compensation.

## AS AND FOR A FOURTH CAUSE OF ACTION

135.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 17 through 134 of this Complaint with the same force and effects as if set forth herein.

136.    Defendant had willfully retaliated against Plaintiff for his having legally protected protested against Defendant's unlawful discriminatory, retaliatory activities. Defendant had instituted termination proceedings against Plaintiff.

137.    Defendant had willfully violated ADEA, Title VII and NYSHRL.

138.    By reason of the decision of Defendant, Plaintiff has lost wages and other compensation.

## AS AND FOR A FIFTH CAUSE OF ACTION

Yu v. Knighted, LLC. an Intelligrated Company.

139.    Plaintiff repeats and realleges each and every
allegation contained in paragraphs 17 through 138 of
this Complaint with the same force and effects as if
set forth herein.

140.    Defendant had willfully, conspiratorially
retaliated against Plaintiff in violation of ADEA,
Title VII and NYSHRL.

141.    By reason of the decision of Defendant, Plaintiff
has lost wages and other compensation.

## AS AND FOR A SIXTH CAUSE OF ACTION

142.    Plaintiff repeats and realleges each and every
allegation contained in paragraphs 17 through 141 of
this Complaint with the same force and effects as if
set forth herein.

143.    Defendant's gross negligent had deprived
Plaintiff of his contitutional, civil rights, in
controvention of 42 U.S.C. § 1983, Title VII, ADEA,
NYSHRL.

144.    By reason of the decision of Defendant, Plaintiff
has lost wages and other compensation.

## AS AND FOR A SEVENTH CAUSE OF ACTION

145.    Plaintiff repeats and realleges each and every
allegation contained in paragraphs 17 through 144 of
this Complaint with the same force and effects as if
set forth herein.

146.    Defendant had willfully conspired together to
deprive Plaintiff of his constitutional, civil rights,
in contravention of 42 U.S.C. § 1983, Title VII, ADEA,
NYSHRL.

Yu v. Knighted, LLC. an Intelligrated Company.

147.   By reason of the decision of Defendant, Plaintiff has lost wages and other compensation.

WHEREFORE, Plaintiff demands judgment against the Defendants on each and every cause of action:

1. awarding back wages from August 12, 2015, severance pay, seniority and accrued interest thereon;

2. awarding unpaid promised overtime wages between February and August 2015, accrued interest thereon;

3. awarding all missed benefits, company's matches for 401(K) saving plan, etc, with accrued interest thereon;

4. awarding front pay til either plaintiff becoming a permanent employee or being at least at full retirement age, with accrued interest thereon;

5. as an alternative to above awarding item 4, awarding to reinstatement with no loss of seniority and promoted position with Defendant, according to the rules and laws;

6. awarding the full amount of applicable compensatory damages;

7. awarding the full amount of applicable punitive damages;

8. awarding costs;

9. awarding counsel fees pursuant to Section 1988 for violation of Federal Civil Rights Statutes;

10. and for such other relief as this Court may deem just and proper.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: November 30, 2015

Yu v. Knighted, LLC. an Intelligrated Company.

Hopewell Junction, New York

Yours, etc.,

BY:

_Plaintiff: Siji Yu_

# EXHIBIT A

EEOC Form 161 (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | SiJi Yu<br>81 Fenton Way<br>Hopewell Junction, NY 12533 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2015-01407 | Holly M. Woodyard,<br>State & Local Program Manager | (212) 336-3643 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☒   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal or state law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_signature_

**Kevin J. Berry,**
**District Director**

August 31, 2015

(Date Mailed)

Enclosures(s)

cc:

**ATTN: CHRIS COLE, CHIEF EXECUTIVE OFFICER**
**KNIGHTED, LLC**
**555 TAXTER ROAD**
**ELMSFORD, N.Y. 10523**