UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SIJI YU,

                              Plaintiff,

     v.

KNIGHTED, LLC, an Intelligrated Company,

                              Defendant.

No. 15-CV-9340 (KMK)

OPINION & ORDER

---

Appearances:

Siji Yu
Hopewell Junction, NY
*Pro Se Plaintiff*

David A. Skidmore, Jr., Esq.
Jennifer Ann Rulon, Esq.
Frost Brown Todd LLC
Cincinnati, OH
*Counsel for Defendant*

Sharon Sara Cohen, Esq.
Shira Franco, Esq.
Davis & Gilbert LLP
New York, NY
*Counsel for Defendant*

KENNETH M. KARAS, District Judge:

     Pro se Plaintiff Siji Yu ("Plaintiff") filed an Amended Complaint ("Amended Complaint") pursuant to § 1983 against his former employer, Knighted, LLC ("Defendant"), alleging that that it discriminated and retaliated against him and failed to pay him for the overtime hours he worked. (*See* Am. Compl. (Dkt. No. 38).) Before the Court is Defendant's partial Motion To Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6).

(*See* Notice of Def.'s Mot. To Dismiss (Dkt. No. 52); Mem. of Law in Support of Def.'s Mot. to Dismiss ("Def.'s Mem.") (Dkt. No. 54).)[1]  Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's claims that the Court already dismissed with prejudice, and that the Complaint fails to state a § 1983 claim or a § 1983 conspiracy claim. (Defs.' Mem.)  For the following reasons, Defendant's Motion is granted.

## I.  Background

The Court assumes the Parties' familiarity with the facts and the procedural history of this case, as described in *Yu v. Knighted LLC*, No. 15-CV-9340, 2017 WL 666118 (S.D.N.Y. Feb. 16, 2017), and in the Court's Order denying Plaintiff's Motion for Reconsideration, (Order (Dkt. No. 69)).  The Court will therefore recount only the background information necessary to resolve the instant Motion.

### A.  Procedural Background

Plaintiff filed his initial Complaint alleging violations of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., 42 U.S.C. §§ 1981 and 1983, and the New York State Human Rights Law ("NYSHRL"), New York State Executive Law §§ 290—297.  (Compl. (Dkt. No. 1).)  After Defendant filed a Motion to Dismiss, (Dkt. Nos. 22–24), the Court issued an Opinion and Order ("Opinion") dismissing Plaintiff's Title VII, ADEA, NYSHRL, § 1981 and even potential § 1985 claims *with prejudice* on collateral estoppel grounds that could not be cured, (Opinion & Order ("Opinion") 26 & n.10

---

[1] Defendant's Motion was also brought under Federal Rule of Civil Procedure 12(b)(1) because the Amended Complaint raised claims the Court had previously dismissed with prejudice on collateral estoppel, and consequently, jurisdictional, grounds.  (*See* Notice of Def.'s Mot. To Dismiss; Def.'s Mem. 5; Opinion & Order 26 & n.10 (Dkt. No. 34).)

(Dkt. No. 34)).  However, the Court dismissed Plaintiff's § 1983 and § 1983 conspiracy claims without prejudice, giving Plaintiff 30 days to file an Amended Complaint "addressing the deficiencies outlined in [the] Opinion"—namely, that Plaintiff failed to plead state action. (Opinion 22–26.)  The Court also declined to dismiss Plaintiff's FLSA claim.  (Opinion 22.)

Plaintiff filed a Motion to Reconsider the Court's collateral estoppel decision, (Notice of Motion for Reconsideration (Dkt. No. 36); Motion of Reconsideration of Collateral Estoppel (Dkt. No. 37)), which the Court denied, (Dkt. No. 69).  Plaintiff also filed an Amended Complaint raising the same claims as the initial Complaint.  (Am. Compl.)  Defendant filed a partial Motion to Dismiss the Amended Complaint on June 5, 2017, arguing that Plaintiff is barred from bringing the discrimination and retaliation claims that were dismissed with prejudice and that the Amended Complaint still fails to state a § 1983 claim or a § 1983 conspiracy claim. (Notice of Def.'s Mot. To Dismiss; Def.'s Mem.)  Plaintiff opposed the Motion on July 5, 2017, (Pl.'s Mot. of Opp. ("Pl.'s Opp.") (Dkt. No. 61)), and Defendant filed its Reply on July 19, 2017, (Def.'s Reply Mem. in Supp. of Mot. to Dismiss ("Def.'s Reply") (Dkt. No. 65)).

    B.  Factual Background

The Amended Complaint is almost identical to the original Complaint, except that it adds some new allegations.  (*Compare* Compl. *with* Am. Compl.)  However, most of these new allegations are not relevant to deciding the Motion to Dismiss.  The new allegations fall into four categories: (1) descriptions of or quotes from the Court's previous Opinion, (Am. Compl. ¶¶ 5, 39, 110); (2) additional facts relating to Plaintiff's job duties and performance while employed by Defendant, (*id.* ¶¶ 23, 24, 38); (3) quotes from the Administrative Law Judge's ("ALJ") decision finding Plaintiff entitled to unemployment benefits and descriptions of that proceeding,

(*id.* ¶¶ 58, 60, 69, 75, 77, 78, 79, 90, 92, 98, 109, 119, 130, 131, 134, 135, 136, 149);[2] and (4) allegations that the New York State Division of Human Rights ("NYSDHR") ignored the ALJ's decision when evaluating Plaintiff's discrimination complaint, therefore violating Plaintiff's constitutional rights, and Defendant conspired with NYSDHR to do so, (*id.* ¶¶ 108, 142–48, 169, 172).

The Court will not consider the allegations relating to Plaintiff's Title VII, ADEA, NYSHRL, § 1981, and § 1985 claims, because those claims were dismissed with prejudice and are thus no longer in this Action. (*See* Order (Dkt. No. 69).) *See Nemaizer v. Baker*, 793 F.2d 58, 60 (2d Cir. 1986) ("A dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action."). Therefore, the Court will recount here only the new allegations that are relevant to deciding the Motion to Dismiss Plaintiff's § 1983 and § 1983 conspiracy claims—the fourth category above—and not those relating to Plaintiff's discrimination and retaliation claims or those relating to Plaintiff's FLSA claim, which has already overcome a motion to dismiss. (*See* Opinion 17, 22.)

In addition to repeating allegations from the original Complaint that Defendant "illegally conspired to deprive Plaintiff of his constitutional, civil rights" and that Defendant was "gross[ly][ negligent" in said deprivations, (Am. Compl. ¶¶ 99, 100), the Amended Complaint

---

[2] The Court notes that, while it may take judicial notice of the existence of the ALJ decision, and may accept as true Plaintiff's factual allegations about what occurred at the ALJ hearing, (*e.g.*, Am. Compl. ¶¶ 69, 90, 109 (alleging that certain employees of Defendant testified under oath)), the Court need not accept the ALJ's legal conclusions quoted extensively in the Amended Complaint. (*See, e.g.*, Am. Compl. ¶¶ 77–79 (describing how certain of Defendant's actions were "unreasonable").)

adds the following allegations in an attempt to cure the deficiencies with Plaintiff's § 1983 and § 1983 conspiracy claims:

- "So far, up to today, there is no written so-called investigation from [D]efendant at all." (*Id.* ¶ 108.)
- The NYSDHR, "as one of the State agencies, had willfully been one-sided with [D]efendant, [and] deprived [P]lainitff's constitutional, federal right[s]." (*Id.* ¶ 142.)
- "Defendant had willfully conspired with the NY[S]DHR [and] grossly ignored abundant evidence produced by the ALJ, [and] [P]laintiff." (*Id.* ¶ 143.)
- "Defendant had willfully conspired with the NY[S]DHR [and] arbitrarily rejected [P]laintiff's request [for] testimony, hearing." (*Id.* ¶ 144.)
- "Defendant had willfully conspired with the NY[S]DHR [and] grossly ignored [the] fact that there is no result of investigation of [P]laintiff's complain[t] of discrimination, retaliation before [Defendant] unlawfully terminated [Plaintiff] from [D]efendant. (*Id.*¶ 145.)
- "Defendant had willfully conspired with the NY[S]DHR with [D]efendant and agreed with [D]efendant's unlawful deprivation of [P]laintiff's constitutional, federal right[s]." (*Id.* ¶ 146.)
- "Defendant had willfully conspired with the NY[S]DHR and contradicted . . . the ALJ's conclusion which had been [based on] under oath[] hearing, testimony, c[ro]ss-examination, [and] thorough[] investigation." (*Id.* ¶ 147.)
- "Defendant, with the NY[S]DHR, had willfully retaliated against Plaintiff for his having legally protected [sic] protested against Defendant's unlawful discriminatory, retaliatory activities. Defendant, with NY[S]DHR, had instituted termination proceedings against Plaintiff." (*Id.* ¶ 165.)
- "Defendant, with the NY[S]DHR, had willfully, conspiratorially retaliated against Plaintiff, depriv[ing] [P]laintiff[] [of his]constitutional, federal right[s] in violation of . . . § 1983." (*Id.* ¶ 169.)
- Defendant, with the NY[S]DHR's gross negligen[ce] had deprived Plaintiff of his constitutional, federal rights, in contravention of 42 U.S.C. § . . . 1983." (*Id.* ¶ 172.)

## II. Discussion

A. Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and internal quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil

Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and internal quotation marks omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (second alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

In considering Defendants' Motion to Dismiss, the Court is required to "accept as true all of the factual allegations contained in the [C]omplaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (same). And, the Court must "draw[] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*,

699 F.3d 141, 145 (2d Cir. 2012)).  Where, as here, a plaintiff proceeds pro se, the Court must "construe[] [his complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]."  *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (internal quotation marks omitted).  However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedure and substantive law."  *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks omitted).  The Court also may consider "documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken."  *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted).

    B.  Analysis

        1.  Plaintiff's § 1983 Claim

Plaintiff alleges that Defendant deprived him of his constitutional rights in violation of 42 U.S.C. § 1983.  To state a claim under § 1983, Plaintiff must plausibly allege that the conduct of Defendant, a private entity, constituted state action.  *See, e.g.*, § 1983 (holding liable "[e]very person who, under color of any statute, ordinance, regulation, custom or usage" deprives another of their federal rights); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937(1982) (requiring that "the party charged with the deprivation must be a person who may fairly be said to be a state actor"); *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003) ("A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is . . . required to show state action.").  Plaintiff may meet this requirement by alleging that (1) Defendant acted "pursuant to the coercive power of the state or is controlled by the state," (2) "the state provides significant encouragement to [Defendant], [Defendant] is a willful participant in a joint activity with the state, or [Defendant's] functions are entwined with state policies," or (3) Defendant "has been

7

delegated a public function by the state." *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (alterations and internal quotation marks omitted). The first test, "the compulsion test," requires Plaintiff to allege that the state "required" Defendant to take the actions at issue; the second test, the "joint action test," requires Plaintiff to allege that Defendant's actions are "so governed by state regulation as to be properly attributed to the state"; and the third test, the "public function test," requires the Defendant to perform a function "traditionally []or exclusively performed" by the state. *See Oakley v. Fed'n Employment & Guidance Servs., Inc.*, No. 10-CV-7739, 2012 WL 20534, at *3–4 (S.D.N.Y. Jan. 4, 2012) (internal quotation marks omitted).

The Court previously dismissed Plaintiff's § 1983 claim because the original Complaint failed to allege any facts plausibly demonstrating that Defendant's conduct fell into one of these categories and constituted state action. (Opinion 22–24.) The Amended Complaint has failed to cure this fatal defect. Construing the Amended Complaint liberally, it alleges three ways in which Defendant violated § 1983: (1) Defendant did not investigate Plaintiff's discrimination complaints before he was fired and then fired him in retaliation for those complaints; (2) its employees contradicted the evidence before the ALJ, including their own under-oath testimony, and the ALJ's decision in favor of Plaintiff, in front of the NYSDHR; and (3) Defendant acted grossly negligent in depriving Plaintiff of his rights.[3] (*See* Am. Compl.) None of these alleged acts is plausibly attributed to the state.

The first alleged act involves no state action whatsoever. Even if Defendant unlawfully failed to investigate Plaintiff's complaints and then fired him for those complaints, (*e.g.*, Am.

---

[3] This list does not include the allegations that Defendant *conspired* with NYSDHR to violate Plaintiff's rights in violation of § 1983.

8

Compl. ¶¶ 108, 145, 165), the Amended Complaint is devoid of any allegations that Defendant did so pursuant to any state influence. Indeed, the only purported state actor mentioned in the Amended Complaint—the NYSDHR—is alleged to have become involved only *after* the discriminatory acts, including Plaintiff's termination, occurred. (*See* Am. Compl. ¶ 97 (alleging termination on August 12, 2014)); *id.* ¶ 138 (alleging Plaintiff's NYSDHR complaint was filed in February 2015); *id.* ¶ 142 (alleging that the NYSDHR is "one of the State agencies").) *See Sybalski*, 546 F.3d at 257–58 (explaining that a plaintiff "must allege that the state was involved with the *activity that caused the injury* giving rise to the action" (internal quotation marks omitted)). Although the Amended Complaint alleges that "Defendant, with NY[S]DHR, had instituted termination proceedings against Plaintiff," (*id.* ¶ 165), and "with the NY[S]DHR, had willfully retaliated against Plaintiff," (*id.*), these bare assertions, "devoid of further factual enhancement," do not plausibly allege the NYSDHR's involvement. *Iqbal*, 556 U.S. at 678; *Jendrzejczak v. Williams*, No. 13-CV-1239, 2014 WL 2533041, at *14 (N.D.N.Y. June 5, 2014) (finding allegations that one state defendant "was acting in concert" with the other defendants "in terminating [the] [p]laintiff's employment are inadequate to make a facially plausible showing that" the other defendants "conspired with [the state defendant] to terminate [the] [p]laintiff's employment or were coerced by [the state defendant] to do so"); *James v. Bauet*, No. 09-CV-609, 2009 WL 3817458, at *4 (S.D.N.Y. Nov. 11, 2009) (concluding that a complaint's factual allegations were insufficient under *Iqbal* to plausibly allege that the defendants acted under color of state law because, among other reasons, no facts alleged that the *defendants'* "employers [we]re . . . public entities" or that the "defendants were state actors even if they were employed

9

by a private entity").[4]

Similarly, while the Amended Complaint alleges that Defendant ignored and contradicted the evidence produced in the ALJ proceeding when its employees testified or argued before the NYSDHR, (*see* Am. Compl. ¶ 143 ("Defendant . . . grossly ignored abundant evidence produced by the ALJ, [and] [P]laintiff."), ¶ 147 ("Defendant . . . contradicted . . . the ALJ's conclusion which had been [based on] under oath[] hearing[s], testimony, c[ro]ss-examination, [and] thorough[] investigation.")), it does not allege that these actions were done under color of state law.  For example, Plaintiff does not allege that the NYSDHR knew Defendant was doing this, let alone that it compelled or required Defendant to act this way in its proceedings.  *See Oakley*, 2012 WL 20534, at *3 ("[Plaintiff] does not argue that the State required [Defendant] or its employees to take any of the actions at issue in this case, so the 'compulsion test' does not apply.").  Indeed, Plaintiff's representations in his opposition papers sometimes suggest that Defendant may have intentionally misled the NYSDHR.  (*See* Pl.'s Opp. 4 ("[D]efendant, in bad faith, purposely ignored the ALJ's decision, the Appeal [B]oard's affirmation, and continued falsely [to] reiterate[] their baseless . . . pretext to the [NYSDHR]." (citations omitted)); *id.* at 7 (same); *id.* at 5 ("Based upon [D]efendant's false[] claim[s]—misconduct, unprofessional behavior and insubordinat[ion]—without any hearing, both NY State's agencies . . . had one-sided with [D]efendant, [and] made the same initial wrong conclusions.").)  The mere fact that

---

[4] Plaintiff also added § 1983 as a statute purportedly violated to each "Cause of Action" in the Amended Complaint, but, as the Court explained in its Opinion, (Opinion 23–24), the fact that Defendant did something Plaintiff believes violated his constitutional rights does not alone make Defendant a state actor under § 1983.  (*See* Am. Compl. ¶¶ 153–54 (denial of overtime based on age violated § 1983), ¶¶ 157–58 (overlooking Plaintiff for the annual salary raise because of his race violated § 1983), ¶¶ 161–62 (effectively demoting Plaintiff and overlooking him for a promotion violated § 1983), ¶¶ 165–66 (instituting termination proceedings against Plaintiff in retaliation for protesting discrimination violated § 1983).)

the NYSDHR was "involved" with its own allegedly unfair proceeding is alone "insufficient to render [Defendant's actions] state action." *Forziano v. Indep. Grp. Home Living Program, Inc.*, No. 13-CV-370, 2014 WL 1277912, at *10 (E.D.N.Y. Mar. 26, 2014) (internal quotation marks omitted), *aff'd*, 613 F. App'x 15 (2d Cir. 2015). Absent more particularized allegations regarding how NYSDHR compelled, significantly encouraged, participated with, or delegated a public function to, Defendant, it cannot be held liable for its acts in the NYSDHR proceedings under § 1983. *See Sybalski*, 546 F.3d at 257 (setting forth the state action tests).[5]

Finally, the Amended Complaint alleges that "Defendant, with the NY[S]DHR's gross negligen[ce] had deprived Plaintiff of his constitutional, federal rights." (Am. Compl. ¶ 172.) Although this statement, construed liberally, suggests that Defendant acted "with" NYSDHR and with gross negligence, it does not allege *what* acts were grossly negligent, *how* they were negligent, or *how* NYSDHR was involved with them. Absent more particularized factual allegations, this statement is a legal conclusion that does not plausibly allege that Defendant took an action under color of state law that violated § 1983.[6] *See Iqbal*, 556 U.S. at 678; *Khanukayev*

---

[5] Construing Plaintiff's submissions liberally, he may be suggesting that Defendant denied him a hearing in NYSDHR, which violated his procedural due process rights under § 1983. (*See* Am. Compl. ¶ 144 ("Defendant . . . arbitrarily rejected [P]laintiff's request [for] testimony, hearing."); Pl.'s Opp. 5 ("Based upon [Defendant's false[] claim[s] . . . without any hearing, . . . [NYSDHR] had one-sided with [D]efendant.").) However, the Amended Complaint contains no allegations that Defendant had the ability to deny Plaintiff a hearing in front of the NYSDHR, a state agency. Indeed, Plaintiff's opposition papers assert that NYSDHR is the entity that denied him a hearing. (*See* Pl.'s Opp. 5–6 ("[NYS]DHR had improperly . . . refused to have any hearing at all."); *id.* at 6 (alleging that NYSDHR acted "without any hearing, denied [Plaintiff's] request [for a] hearing, [was] one-sided, [and] even purposely ignored the ALJ's decision"). Therefore, the allegations do not plausibly show that Defendant was performing a traditional or exclusive function of the state. *See Oakley*, 2012 WL 20534, at *3 (describing "public function test").

[6] Indeed, gross negligence is one way to plausibly allege supervisory liability for an individual defendant under § 1983. *See Rasparado v. Carlone*, 770 F.3d 97, 116–17 (2d Cir. 2014) (describing standard for "gross negligence" supervisory liability under § 1983). However, Defendant is a private company, not an individual. And, in any event, proof of supervisory

11

*v. Times Square All.*, No. 08-CV-6832, 2010 WL 2000552, at *2 (S.D.N.Y. May 20, 2010), *adopted by* 2010 WL 2836818 (S.D.N.Y. July 7, 2010) (rejecting allegations that the defendant was acting under color of state law and that it was organized under New York law when it retaliated against the plaintiff, without additional allegations that "*the acts* of [the defendant] were attributable to the state," as insufficient to satisfy *Iqbal* (emphasis added)).

Therefore, because Plaintiff failed to plausibly allege that Defendant's conduct was fairly attributable to the state, the Court grants Defendant's Motion to Dismiss Plaintiff's § 1983 claim. *See Lugar*, 457 U.S. at 937 ("Our cases have . . . insisted that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State."); *Loren v. City of New York*, No. 16-CV-3605, 2017 WL 2964817, at *4 (S.D.N.Y. July 11, 2017), *reconsideration denied*, 2017 WL 5903358 (S.D.N.Y. Nov. 28, 2017) (dismissing complaint because that the defendant's alleged conduct "does not meet any standard required for state action under § 1983").

### 2.  Plaintiff's Conspiracy to Violate § 1983 Claim

Plaintiff also alleges that Defendant conspired with NYSDHR to deprive him of his constitutional and civil rights in violation of § 1983.  "To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999).  The Court previously dismissed Plaintiff's § 1983 conspiracy claim because the Complaint "failed to identify any state actors with which Defendant conspired to violate his rights," and because Plaintiff's allegations of conspiracy were "vague and conclusory."  (Opinion

---

liability is irrelevant for § 1983 purposes if Defendant is not also alleged to have acted under color of state law.

24.) Although the Amended Complaint cures the former defect, it does not cure the latter one.

The Amended Complaint adds several new allegations that Defendant conspired with the NYSDHR to violate Plaintiff's constitutional rights. However, all of these allegations are purely conclusory, asserting that Defendant "willfully conspired" with NYSDHR and "willfully retaliated against Plaintiff" without stating *how* they so conspired. (Am. Compl. ¶¶ 142, 144, 145, 146, 147, 165, 169.) Construing the Amended Complaint liberally, it alleges that Defendant conspired with NYSDHR to ignore the evidence presented to the ALJ, and the ALJ's decision, resulting in a one-sided proceeding in favor of Defendant. (*See, e.g.*, *id.* at ¶ 142 (alleging that NYSDHR was "willfully . . . one-sided with [D]efendant").) However, Plaintiff does not allege an *agreement* between the two entities to ignore the ALJ's decision or to undermine Plaintiff's constitutional rights. *See Pangburn*, 200 F.3d at 72. Indeed, as explained above, Plaintiff sometimes suggests that Defendant acted with "bad faith" in portraying the facts to the NYSDHR, resulting in the denial of Plaintiff's request for a hearing and the ignoring of certain evidence before the ALJ. (*See* Am. Compl. ¶ 143 (alleging that Defendant "grossly ignored abundant evidence"), ¶ 145 (alleging that Defendant "grossly ignored [the] fact that there is no result of investigation of [P]laintiff's complain[t] of discrimination"), ¶ 147 (Defendant "contradicted . . . the ALJ's conclusion"); Pl.'s Opp. 4 ("[D]efendant, in bad faith, purposely ignored the ALJ's decision, the Appeal [B]oard's affirmation, and continued falsely [to] reiterate[] their baseless . . . pretext to the [NYSDHR]." (citations omitted)); *id.* at 5 ("Based upon [D]efendant's false[] claim[s]—misconduct, unprofessional behavior and insubordinat[ion]—without any hearing, both NY State's agencies . . had one-sided with [D]efendant, [and] made the same initial wrong conclusions.").) To the extent that Plaintiff is alleging that the NYSDHR's decision in favor of Defendant constituted acceptance of

Defendant's illegal or discriminatory acts, (*e.g.*, Am. Compl. ¶ 146 ("Defendant had willfully conspired with the NY[S]DHR . . . and agreed with [D]efendant's unlawful deprivation of [P]laintiff's constitutional, federal right[s].")), this allegation is devoid of any factual detail and does not plausibly suggest an agreement to violate Plaintiff's rights. *See Knopf v. Esposito*, No. 17-CV-5833, 2017 WL 6210851, at *6–7 (S.D.N.Y. Dec. 7, 2017) (explaining that "the gravamen of the alleged harm stems not from any conspiracy but from orders duly issued" by a state court, and "[i]f the [plaintiffs] were or are unhappy with orders issued by New York State courts, then the New York State court system provides them with ample avenues of redress through appeal or additional motion practice").[7]

"[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive plaintiff of his constitutional rights are properly dismissed." *Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002); *see also Scalpi v. Town of E. Fishkill*, No. 14-CV-2126, 2016 WL 858925, at *5 (S.D.N.Y. Feb. 29, 2016) ("Allegations of a conspiracy to violate civil rights must be pleaded with specificity, and an otherwise invalid § 1983 claim cannot survive a motion to dismiss merely by mentioning the word 'conspiracy.'" (alterations, citation, and internal quotation marks omitted)). Therefore, the Court grants Defendant's Motion to Dismiss Plaintiff's § 1983 conspiracy claim.

### III. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is granted. Because this is not the first adjudication of Plaintiff's claims on the merits, and Plaintiff already had a chance to

---

[7] Indeed, Plaintiff had, and utilized, a remedy to challenge the NYSDHR's purportedly incorrect decision—an Article 78 proceeding. (*See* Order (Dkt. No. 69)); Decl. of Shira Franco, Esq., in Supp. of Def.'s Mot. To Dismiss Ex. 4 (Dkt. No. 23).)

amend to cure the deficiencies with the § 1983 and § 1983 conspiracy claims, the dismissal is with prejudice. Therefore, only Plaintiff's FLSA claim remains in this Action.

The Clerk of the Court is respectfully requested to terminate the pending motion, (Dkt. No. 52), and to mail a copy of this Opinion to Plaintiff. The Court will hold a conference on February 14, 2018 at 3:00 pm.

SO ORDERED.

Dated: January 9, 2018
       White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE