**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SIJI YU, | 7:15 Civ. 9340 (KMK) (LMS) |
| Plaintiff, | |
| -against- | |
| KNIGHTED, LLC, AN INTELLIGRATED COMPANY, | |
| Defendant. | |

## DEFENDANT KNIGHTED, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

FROST BROWN TODD LLC
Jennifer A. Rulon
David A. Skidmore, Jr.
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202-4182
jrulon@fbtlaw.com
dskidmore@fbtlaw.com

DAVIS & GILBERT LLP
Shira Franco
Sharon Cohen
1740 Broadway
New York, NY 10019
sfranco@dglaw.com
shcohen@dglaw.com

*Attorneys for Defendant Knighted, LLC, an Intelligrated Company*

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT ........................................................................................... 1

SUMMARY OF UNDISPUTED MATERIAL FACTS .................................................... 2

      I.     Yu's Work Administering Knighted's Warehouse Management System
            Database. ............................................................................................................... 2

     II.    Yu's Education, Relevant Experience, and Skills .............................................. 2

   III.    Yu's Job Duties as an Exempt Senior Database Administrator ......................... 3

   IV.    Yu's Annual Performance Review Reflect His Job Duties and
            Contributions to Knighted ................................................................................. 5

     V.    Yu's Position Was Directly Related to Knighted's Business, Growth, and
            Revenue ............................................................................................................... 7

ARGUMENT ........................................................................................................................ 8

      I.     LEGAL STANDARD ...................................................................................... 8

     II.    YU'S OVERTIME CLAIM FAILS BECAUSE HIS POSITION IS
           PROPERLY CLASSIFIED AS EXEMPT UNDER THE FLSA ................. 9

          A.   Yu's Position is Exempt under the Highly Compensated Employee
              Exemption. ................................................................................................... 9

          B.   Yu's Position is Exempt under the Administrative Employee
              Exemption. ................................................................................................. 13

          C.   Yu's Position is Exempt under the Computer Employee Exemption. ................. 14

CONCLUSION ................................................................................................................... 18

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Anderson v. Liberty Lobby, Inc.*
    477 U.S. 242 (1986)..............................................................................................8

*Celotex Corp. v. Catrett*
    477 U.S. 317 (1986)..............................................................................................8

*Matushita Elec. Indus. Co. v. Zenith Radio Corp.*
    475 U.S. 574 (1986)..............................................................................................8

*Gallo v. Prudential Residential Servs. Ltd. P'ship*
    22 F.3d 1219 (2d Cir. 1994)..................................................................................8

*Pippins v. KPMG, LLP*,
    759 F.3d 235 (2d Cir. 2014)..................................................................................9

*Bobadilla v. MDRC*
    No. 03 Civ. 9217, 2005 WL 2044938 (S.D.N.Y. Aug. 24, 2005) ........................15, 16, 17

*Clarke v. JP Morgan Chase Bank, N.A.*
    No. 08 Civ. 2400, 2010 WL 1379778 (S.D.N.Y. Mar. 26, 2010) ...............................16, 17

*Klein v. Torrey Point Grp., LLC*
    979 F. Supp. 2d 417 (S.D.N.Y. 2013)..................................................................12

*Krupinski v. Laborers Eastern Regions Organizing Fund*
    No. 15 Civ. 982, 2016 WL 5800473 (S.D.N.Y. Oct. 2, 2016) ...................................11-12

*Olorode v. Streamingedge, Inc.*
    No. 11 Civ. 6934, 2014 WL 1689039 (S.D.N.Y. Apr. 29, 2014)....................9, 15, 16, 18

*Schwind v. EW & Assocs., Inc.*
    357 F. Supp. 2d 691 (S.D.N.Y. 2005)....................................................................10, 11

## <u>Statutes and Other</u>

29 U.S.C. § 213...................................................................................... 1, 9, 14-15, 19

29 C.F.R. § 541.200 ................................................................................... 13-14, 19

29 C.F.R. § 541.201 ....................................................................................... 10-11

29 C.F.R. § 541.202 ................................................................................................................11, 12

29 C.F.R. § 541.205 ....................................................................................................................10

29 C.F.R. § 541.601 ............................................................................................................9, 10, 19

29 C.F.R. § 541.700 ....................................................................................................................14

Federal Rule of Civil Procedure 56 ..............................................................................................8

Defendant Knighted, LLC, by and through its attorneys, Frost Brown Todd LLC and Davis & Gilbert LLP, respectfully submits this memorandum of law (the "Memorandum") in support of its motion pursuant to Rule 56 of the Federal Rules of Civil Procedure seeking summary judgment on Plaintiff Siji Yu's Fair Labor Standards Act claim for unpaid overtime wages (the "Motion").

## PRELIMINARY STATEMENT

Siji Yu's claim for failure to pay overtime under the Fair Labor Standards Act ("FLSA") fails as a matter of law.[1]  The undisputed material facts show Knighted employed Yu as an exempt Senior Database Administrator and paid Yu an annual salary of $115,000 on a salary basis. The Senior Database Administrator position required advanced knowledge of databases and an advanced ability to troubleshoot, analyze, resolve, and document database issues. In this position, Yu independently researched and mitigated database-related risks and optimized database-related processes. Yu's skills in multitasking, prioritization, timeliness, and negotiating increased efficiency on projects and improved the system's performance. The databases Yu administered were the core of Knighted's warehouse management system business. Yu testified his work was very important and "a key piece of [Knighted's] system." Yu further explained that his contributions to Knighted were so significant that he caused Knighted's revenue to increase.

Yu claims he worked ten hours of overtime for approximately seven months of his employment and was not paid for that time. Regardless of whether that claim is true, Yu is not entitled to overtime as a matter of law because his position was properly classified as exempt under the FLSA. Though Knighted need only show that Yu's position fulfills one exemption, Yu's position is properly classified as exempt under three separate exemptions: the highly

---

[1] This Court previously dismissed Plaintiff's discrimination and retaliation claims with prejudice. *See* Dkt. Nos. 34 and 70. "[O]nly Plaintiff's FLSA claim remains in this Action." Dkt. No. 70 at 15.

compensated, administrative, and/or computer employee exemptions. Therefore, summary judgment should be granted in favor of Knighted.

## SUMMARY OF UNDISPUTED MATERIAL FACTS

For the Court's convenience, Knighted includes a summary of relevant facts below. The detailed facts are set forth more fully in Knighted's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1, submitted concurrently with Knighted's Motion and Memorandum.

**I.      Yu's Work Administering Knighted's Warehouse Management System Database.**

Siji Yu worked for Knighted as Senior Database Administrator from July 2013 to August 2014. (Knighted Rule 56.1 Statement of Facts ("Knighted SOF") at ¶¶ 1, 17). Knighted designed a warehouse management system. (Knighted SOF at ¶ 3). The system managed warehouses by tracking items coming into and going out of the warehouse, as well as locating items within the warehouse. (Knighted SOF at ¶ 4). The system tracked this information by putting it into databases administered by Yu. (Knighted SOF at ¶ 5).

Yu's work in relational databases was very important and the databases Yu administered were a key piece of Knighted's system. (Knighted SOF at ¶ 6). Yu's contributions to Knighted were so significant that he caused Knighted's revenues to increase. (Knighted SOF at ¶ 7).

**II.     Yu's Education, Relevant Experience, and Skills.**

Yu earned his bachelor's degree in industrial engineering at Shanghai University in China, and his master's degree in industrial engineering from the New Jersey Institute of Technology. (Knighted SOF at ¶¶ 8-9). After receiving his master's degree from the New Jersey Institute of Technology, Yu went to Wichita University in Kansas to pursue his Ph.D. in industrial engineering but did not complete the program. (Knighted SOF at ¶ 10).  Yu also earned

a master's degree from the City College of New York in computer science. (Knighted SOF at ¶ 11).

At the time Yu began working at Knighted, Yu had twenty years of experience in information technology ("IT") and over ten years of experience working in database administration and development. (Knighted SOF at ¶ 12). Within the IT field, Yu specializes in databases and, specifically, relational databases. (Knighted SOF at ¶ 13). A relational database is a database that has a relationship between each spreadsheet by spreadsheet or each table by table. (Knighted SOF at ¶ 14). At the time Yu began working at Knighted, Yu had skills and knowledge to manage several different databases, including Oracle, SQL Server, My SQL, SyBase, Express, Erwin, Toad, Apache, IIS, TCP/IP, and others. (Knighted SOF at ¶ 15). Yu used his education, combined with his experience, in his position at Knighted. (Knighted SOF at ¶ 16).

### III.     Yu's Job Duties as an Exempt Senior Database Administrator.

In his role as a Senior Database Administrator, Yu used his expertise in databases and systems related to the databases. (Knighted SOF at ¶ 20). Yu worked at a desk inside Knighted's office. (Knighted SOF at ¶ 18). Yu earned an annual salary of $115,000 during his employment with Knighted, plus incentives based on Knighted's financial performance. (Knighted SOF at ¶ 19). As Senior Database Administrator, Yu took full responsibility for Knighted's databases. (Knighted SOF at ¶ 23). Yu efficiently managed the database, kept the database running on schedule, and improved the performance of the database. (Knighted SOF at ¶ 21). The work that took up most of Yu's time at Knighted was managing this system. (Knighted SOF at ¶ 22). If anything possibly related to the database was occurring, Yu had to be involved.  (*Id.*). The key to

Yu performing his job well at Knighted was his initiative and ability to make suggestions to Knighted. (Knighted SOF at ¶ 25).

In his role at Knighted, Yu had to multitask and was simultaneously involved in multiple projects. (Knighted SOF at ¶ 26). Yu set priorities and communicated with different teams and managers to coordinate plans. (Knighted SOF at ¶ 27). Yu decided what projects or tasks he would work on each day based on the priority of the projects, and he managed to handle many projects at the same time. (Knighted SOF at ¶ 29).

In his role, Yu also had to be creative and troubleshoot any problem that arose with the databases. (Knighted SOF at ¶ 28). Yu would provide Knighted with recommendations to the best of his experience on a better or more efficient way to deal with a technical problem. (Knighted SOF at ¶ 30). If there were database access or performance issues, Yu would monitor the database and provide a solution to the problem. (Knighted SOF at ¶¶ 31, 40-47).   Yu determined different priorities for tasks. (Knighted SOF at ¶ 39).  For example, in a series of emails, Yu quickly responded to questions from a teammate about a problem. (Knighted SOF at ¶ 43). Yu simultaneously tried to make the system available without error and, at the same time, solve the problem. (Knighted SOF at ¶ 44). Yu made the decision to quickly respond to this email because it was a specific database question. (Knighted SOF at ¶ 45). Yu's work required him to sense what was important. (Knighted SOF at ¶ 46). If an urgent system were down, Yu had to independently prioritize and pay immediate attention to it. (*Id.*).

In another example of Yu's work as a Senior Database Administrator, Yu described troubleshooting, monitoring a customer's system performance, deploying new tables, implementing modified tables, cloning the Oracle database, cloning or copying an SQL server database for Sonata, and resolving two issues in Knighted's JIRA system. (Knighted SOF at ¶¶

4

47-49). Yu also described his plans to upgrade the design and utilize a naming convention and table relationship in the WMS database. (Knighted SOF at ¶ 50). Yu explained his plans to work on a project establishing SVN, a conversion control system, for an SQL server database in addition to the newly established Oracle database for the Knighted system. (Knighted SOF at ¶ 51).

Yu's skills in multitasking, prioritization, timeliness, and negotiating increased efficiency on projects and improved the system's performance. (Knighted SOF at ¶ 32). For example, at the time Yu started, Knighted was outsourcing database management to another company. (Knighted SOF at ¶ 33). A couple weeks after Yu started, Knighted decided his contribution would be better than using an outsourcing company and that Yu's contribution could entirely replace the outsourcing function. (Knighted SOF at ¶ 34). Knighted stopped outsourcing and Yu replaced the entire outsourcing function at Knighted through Yu's own work. (Knighted SOF at ¶¶ 35-36).

Entirely replacing the outsourcing function was just the starting point of Yu's contributions to Knighted. Yu explained that he made a lot of contributions and received appreciation and feedback from colleagues and his managers. (Knighted SOF at ¶ 37). Yu's contributions helped Knighted to grow. (Knighted SOF at ¶ 38).

## IV.    Yu's Annual Performance Review Reflects His Job Duties and Contributions to Knighted.

Yu's job performance as a Senior Database Administrator was rated by his manager in an annual review in the categories of accountability, action-oriented, attention to detail, business acumen, commitment to professional growth and development, communication, computer and software skills, conflict management, customer passion and commitment, decision quality, independence, initiative, innovation and continuous improvement, integrity and ethics,

5

multitasking, negotiation and persuasion, problem-solving, quality and excellence, teamwork, and written communication.  (Knighted SOF at ¶ 52).

The category of independence reviewed Yu's ability to solve the problem and take full responsibility for doing so. (Knighted SOF at ¶ 53). Yu was technically independent, meaning that he was capable of solving and actually did solve the issue. (Knighted SOF at ¶ 54). The action-oriented category reviewed whether Yu was result-driven and delivered. (Knighted SOF at ¶ 56). The category of commitment to professional growth and development reviewed Yu on whether he kept up with new technology in a professional way. (Knighted SOF at ¶ 60). The criteria of decision quality reviewed Yu on his ability to provide the best option out of multiple choices, using the best of his professional knowledge and responsibility. (Knighted SOF at ¶ 62). The category of innovation and continuous improvement reviewed Yu's ability to make his contributions, innovations, and continued technical improvement to Knighted's systems. (Knighted SOF at ¶ 64). The category of negotiation and persuasion required Yu to be responsible to persuade his manager of his understanding of the issues and communicate with his manager. (Knighted SOF at ¶ 66). Yu was also rated on quality and excellence, meaning quality of service and work ethic. (Knighted SOF at ¶ 70).

Yu's manager rated him a 4 out of 5 in the categories of business acumen, action-oriented, decision quality, innovation and continuous improvement, negotiation and persuasion, technical problem-solving skills, and quality and excellence. (Knighted SOF at ¶¶ 57, 58, 63, 67, 69, 71). These ratings indicated Yu was "advanced" in these areas. (*Id.*). Yu's manager rated him a 5 out of 5 in the categories of independence, computer and software skills and commitment to professional growth and development, meaning Yu had "mastery" of these areas. (Knighted SOF

at ¶¶ 55, 59, 61). Yu testified he provided a very good quality of service and work ethic which helped to drive the system and the company. (Knighted SOF at ¶ 72).

## V.     Yu's Position Was Directly Related to Knighted's Business, Growth, and Revenue.

Yu explained he increased Knighted's revenues through his contributions as a Senior Database Administrator. (Knighted SOF at ¶ 73). Yu could solve a problem in a timely manner, whereas the same problem would have required other people on the team to spend much, much more time on it. (*Id.*). After Yu joined Knighted in July, Knighted's accounts grew from 30, 40, 50 to about 200. (Knighted SOF at ¶ 74). This growth and expansion was due to Yu's work as a Senior Database Administrator at Knighted. (Knighted SOF at ¶ 75).

As a specific example of Yu's contributions, Yu developed and designed a technical procedure inside the database called a stored or stop procedure to meet certain specifications. (Knighted SOF at ¶¶ 76-77). His stored procedure was better and more useful, and it worked with the other teams well. (Knighted SOF at ¶ 78). Yu's development of this procedure involved a lot of processes and required a certain kind of skill. (Knighted SOF at ¶ 79). Yu's work on and development of this procedure increased Knighted's revenue. (Knighted SOF at ¶ 80). Yu's work was not only a technical improvement, but also a financial benefit to Knighted. (Knighted SOF at ¶ 82).

Finally, Yu used his superior analytical skills to directly benefit Knighted in the Senior Database Administrator position. (Knighted SOF at ¶ 83). For example, after other people spent a lot of time trying to solve a problem but could not, Yu would be asked to be involved and he would then timely solve the problem. (Knighted SOF at ¶ 84). From job to job, and task to task, people appreciated his skills. (*Id.*). Yu was recognized by Knighted and his manager for his

contributions. (Knighted SOF at ¶ 85). In the Senior Database Administrator position, Yu made Knighted's systems better and contributed to the business for the good of the business. (*Id.*).

## ARGUMENT

### I.     Legal Standard.

Pursuant to Fed. R. Civ. P. 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   The party seeking summary judgment may support the assertion that there are no genuine disputes as to material facts by citing to particular parts of evidence in the record, or by showing that the adverse party cannot produce admissible evidence to the contrary. Fed. R. Civ. P. 56(c)(1)(A)-(B); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is only "material" for purposes of summary judgment where its resolution "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is only "genuine" where "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Specifically, "the nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial.*" *Id.* (emphasis in original) (citation and internal quotation marks omitted). Accordingly, summary judgment should be granted where the moving party can show that "little or no evidence may be found in support of the nonmoving party's case." *Gallo v. Prudential Residential Servs. Ltd. P'ship*, 22 F.3d 1219, 1223-24 (2d Cir. 1994) (citations omitted).

## II.     Yu's Claim Fails as a Matter of Law Because His Position Is Exempt from the Fair Labor Standards Act.

The FLSA exempts certain types of employment from overtime pay. *Olorode v. Streamingedge, Inc.*, No. 11 Civ. 6934, 2014 WL 1689039, at *20 (S.D.N.Y. Apr. 29, 2014). Included in these exemptions are highly compensated employees, employees who work in a bona fide administrative capacity, **or** employees who work as a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker. 29 U.S.C. § 213(a)(1), (17); 29 C.F.R. § 541.601. Determining if an exemption applies is both a question of law and fact: "[t]he question of how the employees spent their working time is a question of fact. The question of whether their activities excluded them from the overtime benefits of the FLSA is a question of law." *Pippins v. KPMG, LLP,* 759 F.3d 235, 239 (2d Cir. 2014) (citation omitted).

Though the Court need only find Yu's position exempt under one of the FLSA's exemptions, Knighted provides three separate exemptions which show Yu's position is properly classified as exempt. Yu's claim fails because the undisputed material facts show his position is exempt under the FLSA's highly compensated, administrative, and/or computer employee exemptions as a matter of law. In other words, Yu's FLSA claim fails as a matter of law if any of these three exemptions apply. As discussed below, all three exemptions apply as a matter of law.

### A.  Yu's Position Is Exempt under the Highly Compensated Employee Exemption.

The Senior Database Administrator position is exempt under the FLSA's highly compensated employee exemption as a matter of law. An exempt highly compensated employee receives total annual compensation of at least $100,000 on a salary basis, performs office or non-manual work, and "customarily and regularly performs any **one** or more of the exempt duties or responsibilities of an executive, administrative, or professional employee." 29 C.F.R. § 541.601

(emphasis added).[2] "A high level of compensation is a strong indicator of an employee's exempt status, thus eliminating the need for a detailed analysis of the employee's job duties." 29 C.F.R. § 541.601(c).

Yu received an annual salary above $100,000 per year and performed office work. (Knighted SOF at ¶¶ 18-19). Further, though the Court need only find Yu performed one exempt duty for Yu's position to meet this exemption, the undisputed material facts show Yu performed two exempt duties: (1) Yu performed office, non-manual work directly related to the management or general business operations of Knighted's business or its customers; and (2) Yu exercised discretion and independent judgment regarding matters of significance.

### 1. **Yu performed office work directly related to Knighted's business.**

First, Yu performed office work directly related to the management or business operations of Knighted's business or its customers. An employer's management or business operations include work that "affects business operations to a substantial degree, even though [the employee's] assignments are tasks related to operation of a particular segment of the business." *Schwind v. EW & Assocs., Inc.,* 357 F. Supp. 2d 691, 704 (S.D.N.Y. 2005) (quoting 29 C.F.R. § 541.205(a)-(c)). Duties "directly related to management policies or general business operations" specifically include "computer network, internet and **database administration**." 29 C.F.R. § 541.201(b) (emphasis added).

Yu performed such database administration work and therefore meets the criteria for this exempt duty as a matter of law. 29 C.F.R. § 541.201(b). (Knighted SOF at ¶¶ 17, 20-24). As Senior Database Administrator, Yu had full responsibility for administering Knighted's databases and worked on a team with his manager and colleagues to provide input on how to fix

---

[2] As of December 1, 2016, the salary threshold for a highly compensated employee was raised to $134,004. *See* 29 C.F.R. § 541.601. Because Yu was employed with Knighted from July 2013 to August 2014, the prior salary threshold of $100,000 effective through November 30, 2016 applies. *Id.*

database issues that impacted the entire system. (*Id.*). Yu efficiently managed the database, kept the database running on schedule, and improved the performance of the database. (Knighted SOF at ¶ 21). The work that took up most of Yu's time at Knighted was managing this system. (Knighted SOF at ¶ 22). If anything possibly related to that database was occurring, Yu was involved.  (*Id.*). Yu testified that the key to Yu performing his job well at Knighted was his initiative and ability to make suggestions to Knighted. (Knighted SOF at ¶ 25).

As in *Schwind*, Yu's work as a Senior Database Administrator affected Knighted's business operations to a substantial degree. 357 F. Supp. 2d at 704. Yu testified that he increased Knighted's revenues through his contributions as a Senior Database Administrator. (Knighted SOF at ¶¶ 7, 73). After Yu joined Knighted in July, Knighted's accounts grew from 30, 40, 50 to about 200. (Knighted SOF at ¶ 74). Yu testified that this growth and expansion was the result of Yu's work as a Senior Database Administrator at Knighted. (Knighted SOF at ¶ 75).  As such, Yu performed office work directly related to Knighted's business operations.

### 2.  Yu exercised discretion and independent judgment regarding matters of significance.

Yu also performed a second exempt function of exercising discretion and independent judgment regarding matters of significance. An employee exercises discretion and independent judgment where his work "[i]n general . . . involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered." 29 C.F.R. § 541.202(a). "Factors for courts to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, among others, 'whether the employee carries out major assignments in conducting the operations of the business' and 'whether the employee performs work that affects the business operations to a substantial degree.'" *Krupinski v. Laborers Eastern Region*

*Organizing Fund*, No. 15 Civ. 982, 2016 WL 5800473 (S.D.N.Y. Oct. 2, 2016) (granting summary judgment to employer on misclassification claim) (quoting 29 C.F.R. § 541.202(b)). *See also Klein v. Torrey Point Grp., LLC,* 979 F. Supp. 2d 417, 428 (S.D.N.Y. 2013) (holding these factors to be "illustrative, but neither exclusive or inclusive.").

As in *Krupinski*, the undisputed material facts in this case show Yu carried out major assignments in conducting the operations of the business and performed work that affected Knighted's business operations to a substantial degree. 2016 WL 5800473 at *8-9. *See also* 29 C.F.R. § 541.202(b). In fact, Yu's contribution directly resulted in an increase in Knighted's revenues. (Knighted SOF at ¶¶ 7, 73). Specifically, Yu would provide Knighted with recommendations to the best of his experience on a better or more efficient way to deal with the technical problem at issue. (Knighted SOF at ¶ 30). Yu determined different priorities for tasks and coordinated with his team. (Knighted SOF at ¶¶ 27, 39). Yu decided what projects or tasks he would work on each day based on the priority of the projects, and he managed to handle many projects at the same time. (Knighted SOF at ¶ 29). For example, in a series of emails, Yu quickly responded to questions from a teammate about a system problem. (Knighted SOF at ¶ 43). Yu simultaneously tried to make the system available without error and, at the same time, solve the problem. (Knighted SOF at ¶ 44). Yu made the decision to quickly respond to this email because it was a specific database question. (Knighted SOF at ¶ 45). His work required him to sense what is important. (Knighted SOF at ¶ 46). If an urgent system was down, Yu had to independently prioritize and pay immediate attention to it. (*Id.*).

Yu's skills in multitasking, prioritization, timeliness, and negotiating increased efficiency on projects and improved the system's performance. (Knighted SOF at ¶ 32). For example, at the time Yu started, Knighted was outsourcing database management to another company. (Knighted

SOF at ¶ 33). A couple weeks after Yu started and Knighted saw his contributions, they stopped outsourcing and Yu replaced the entire outsourcing function at Knighted through Yu's own work. (Knighted SOF at ¶¶ 34-36). Yu testified that his contributions helped Knighted to grow. (Knighted SOF at ¶ 38).

Yu's annual performance review reflects the value of his exercise of discretion and independent judgment regarding matters of significance to Knighted. Yu was reviewed by his manager in categories such as independence, business acumen, action-oriented, commitment to professional growth and development, decision quality, innovation and continuous improvement, negotiation and persuasion, and quality and excellence. (Knighted SOF at ¶¶ 52-72). Yu's manager rated him as "advanced" or having a "mastery" level in each of these areas. (*Id.*). Yu testified he provided a very good quality of service and work ethic which helped to drive the system and the company. (Knighted SOF at ¶ 72).

The undisputed material facts show Yu received an annual salary above $100,000 per year. Though Yu need only have performed one exempt duty to be classified as exempt under the highly compensated employee exemption, the undisputed material facts show Yu performed two exempt duties of (1) performing office, non-manual work directly related to the management or general business operations of Knighted's business or its customers, and (2) exercising discretion and independent judgment regarding matters of significance. Accordingly, Yu is properly classified as a highly compensated exempt employee and his claim fails as a matter of law.

**B.  Yu's Position Is Exempt under the Administrative Exemption.**

Should the Court find Yu's position is not exempt under the highly compensated employee exemption, Yu's claim still fails because his position is also exempt under the FLSA's administrative employee exemption. A position is exempt under the administrative exemption

where: (1) the employee is compensated at no less than $455 a week on a salary basis, (2) the "primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers," and (3) the "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a). An employee's primary duty is "the principal, main, major or most important duty that the employee performs" as determined "based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole." 29 C.F.R. § 541.700(a).

As shown in Section A above, the undisputed material facts show Yu received an annual salary of over $100,000 per year and performed office work directly related to the management or general business operations of Knighted's business or its customers, including the exercise of discretion and independent judgment regarding matters of significance. Yu's testimony shows this was his primary job duty. As Senior Database Administrator, Yu took full responsibility for Knighted's databases and provided input on how to fix database issues that impacted the entire system. (Knighted SOF at ¶ 23). Yu efficiently managed the database, kept the database running on schedule, and improved the performance of the database. (Knighted SOF at ¶ 21). Yu testified that managing this system took up most of his time at Knighted. (Knighted SOF at ¶ 22). As such, Yu is properly classified as an exempt administrative employee as a matter of law and summary judgment is appropriate.

### C.  Yu's Position is Exempt under the Computer Employee Exemption.

Should the Court find Yu is not exempt under the highly compensated or administrative exemptions, Yu's claim still fails because his position is properly classified as exempt under the computer employee exemption as a matter of law. The FLSA exempts from its overtime

14

requirements "any employee who is a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker, whose primary duty" is: (A) the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications; (B) the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications; (C) the design, documentation, testing, creation, or modification of computer programs related to machine operating systems; or (D) a combination of duties described in subparagraphs (A), (B), and (C) the performance of which requires the same level of skills. 29 U.S.C. § 213(a)(17).

For example, in *Olorode v. Streamingedge, Inc.*, the court found that a salaried systems support analyst was an exempt computer employee. No. 11 Civ. 6934, 2014 WL 1689039 (S.D.N.Y. Apr. 29, 2014). The court looked to many factors concerning the employee's duties, including his technical computer education, computer support and software repair training from a previous job, and the employee's prior experience as a system support and information technology technician for over a combined ten years. *Id.* at *21. Next, the court looked to the employee's duties of "systems analysis, software research and development, support, maintenance and testing, networking, and assistance with site installations." *Id.* Additionally, the employee testified that his role was vital to the employer's functionality and his tasks were often sophisticated. *Id.* at *23. Based on the exemption criteria set forth by the FLSA, the court found that the employee was exempt and not entitled to overtime pay. *Id.*

Similarly, the court found that the computer employee exemption applied to a network administrator. *Bobadilla v. MDRC*, No. 03 Civ. 9217, 2005 WL 2044938 at *1-9 (S.D.N.Y. Aug. 24, 2005). In *Bobadilla*, the employer hired the employee as a network administrator with an

annual salary of $70,000. *Id.* at *3. The court found the employee's "sophisticated knowledge of computing … went beyond that of a non-exempt Help Desk employee." *Id.* Specifically, the employee's experience in network management and his Cisco credential that allowed him to develop computer systems per user specifications demonstrated his sophisticated computer knowledge. *Id.* Additionally, the court found examples in the record where the employee performed highly technical computer and network related tasks which required the employee's discretion to make analytical decisions. *Id.* at *8. The court held that the employee performed highly-skilled work for the employer on computer systems and, therefore, he was an exempt computer employee. *Id.* at *9. *See also Clarke v. JPMorgan Chase Bank, N.A.*, No. 08 Civ. 2400, 2010 WL 1379778, at *22 (S.D.N.Y. Mar. 26, 2010) (relying on considerations set forth in *Bobadilla* and holding computer employee exempt where employee held technical certifications and employee's testimony of primary job duties including solving complex network problems and advanced support issues).

Here, as in *Olorode* and *Bobadilla*, Yu's education and experience, combined with his job duties, make him an exempt computer employee. *Olorode*, 2014 WL 1689039 at *21-23; *Bobadilla*, 2005 WL 2044938 at *1-9. Yu earned his bachelor's degree in industrial engineering at Shanghai University in China, and his master's degree in industrial engineering from the New Jersey Institute of Technology. (Knighted SOF at ¶¶ 8-9.). After receiving his master's degree from the New Jersey Institute of Technology, Yu went to Wichita University in Kansas to pursue his Ph.D. in industrial engineering but did not complete the program. (Knighted SOF at ¶ 10). Yu also earned a master's degree from the City College of New York in computer science. (Knighted SOF at ¶ 11). At the time Yu began working at Knighted, Yu had twenty years of experience in IT and over ten years of experience specializing in database administration and

development. (Knighted SOF at ¶¶ 12-14). Additionally, Yu came to Knighted with specific skills and knowledge to manage several different databases, including Oracle, SQL Server, My SQL, SyBase, Express, Erwin, Toad, Apache, IIS, TCP/IP, and others. (Knighted SOF at ¶ 15). Yu used this education and experience in his position at Knighted. (Knighted SOF at ¶ 16).

In addition to his education and experience, Yu's job duties also show his position is exempt. Similar to the employees in *Bobadilla* and *Clarke*, Yu performed highly-skilled work including solving complex system issues and developing computer systems. *Clarke*, 2010 WL 1379778 at *22; *Bobadilla*, 2005 WL 2044938 at *1-9. As Senior Database Administrator, Yu took full responsibility for Knighted's databases and fixed database issues that impacted the entire system. (Knighted SOF at ¶ 23). In his work, Yu was creative and troubleshooted any problem that arose with the databases. (Knighted SOF at ¶ 28). Yu provided Knighted with recommendations to the best of his experience on a better or more efficient way to deal with the technical problem at issue. (Knighted SOF at ¶ 30). In a specific example, Yu developed and designed a technical procedure inside the database called a stored or stop procedure that was better and more useful to Knighted's systems. (Knighted SOF at ¶¶ 76-78). Yu testified that his development of this procedure involved a lot of processes and required a certain kind of skill. (Knighted SOF at ¶ 79).

In another example of Yu's work, Yu described troubleshooting, monitoring a customer's system performance, deploying new tables, implementing modified tables, cloning the Oracle database, cloning or copying an SQL server database for Sonata, and resolving two issues in Knighted's JIRA system. (Knighted SOF at ¶¶ 47-49). Yu also described upgrading the design and utilizing a naming convention and table relationship in the WMS database. (Knighted SOF at ¶ 50). Yu also explained that he planned to handle a project establishing SVN, a conversion

17

control system, for an SQL server database in addition to the newly established Oracle database for the Knighted system. (Knighted SOF at ¶ 51).

Yu efficiently managed the database, kept the database running on schedule, and improved the performance of the database. (Knighted SOF at ¶ 21). The work that took up most of Yu's time at Knighted was managing this system. (Knighted SOF at ¶ 22). Moreover, similarly to *Olorode*, Yu explained his work was very important and "a key piece of [Knighted's] system." 2014 WL 1689039 at *23. (Knighted SOF at ¶ 6). His work caused Knighted's revenues to increase. (Knighted SOF at ¶¶ 7, 73-81).  Yu's work was not only a technical improvement, but also a financial benefit to Knighted and increased Knighted's revenue. (Knighted SOF at ¶ 82). Therefore, Yu's position is exempt under the FLSA's computer employee exemption as a matter of law.

## CONCLUSION

For the foregoing reasons, summary judgment in favor of Knighted is appropriate on Yu's FLSA claim for unpaid overtime. Accordingly, judgment should be entered against Yu and in favor of Knighted.

Dated: October 15, 2018
      Cincinnati, Ohio

Respectfully submitted,

FROST BROWN TODD LLC

By:  */s/ Jennifer A. Rulon*_____
     Jennifer A. Rulon (*pro hac vice*)
     David A. Skidmore, Jr. (*pro hac vice*)
     3300 Great American Tower
     301 East Fourth Street
     Cincinnati, OH 45202
     (513) 651-6800
     jrulon@fbtlaw.com
     dskidmore@fbtlaw.com

DAVIS & GILBERT LLP
     Shira Franco
     Sharon S. Cohen

1740 Broadway
New York, New York 10019
(212) 468-4800
sfranco@dglaw.com
shcohen@dglaw.com

*Attorneys for Defendant Knighted, LLC,
an Intelligrated Company*

## CERTIFICATE OF SERVICE

I certify that on October 15, 2018, a copy of the foregoing was served upon *pro se* Plaintiff Siji Yu, 81 Fenton Way, Hopewell Junction, NY 12533, sy08us@gmail.com, via U.S. mail and electronic mail. I further certify that copies of all cases or other authorities cited in the foregoing Memorandum that are unpublished or reported exclusively on computerized databases were served to Plaintiff Siji Yu via U.S. mail and email on October 15, 2018, in compliance with Local Civil Rule 7.2.

*/s/  Jennifer A. Rulon*
Jennifer A. Rulon

0100352.0632243   4829-4636-5803v2