UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIJI YU,<br><br>       Plaintiff,<br><br> -against-<br><br>KNIGHTED, LLC, AN INTELLIGRATED COMPANY,<br><br>       Defendant. | 7:15 Civ. 9340 (KMK) (LMS) |

**DEFENDANT KNIGHTED, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

FROST BROWN TODD LLC
Jennifer A. Rulon
David A. Skidmore, Jr.
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202-4182
jrulon@fbtlaw.com
dskidmore@fbtlaw.com

DAVIS & GILBERT LLP
Shira Franco
Sharon Cohen
1740 Broadway
New York, NY 10019
sfranco@dglaw.com
shcohen@dglaw.com

*Attorneys for Defendant Knighted, LLC, an Intelligrated Company*

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ...............................................................................................1

STATEMENT OF FACTS .........................................................................................................2

ARGUMENT................................................................................................................................6

    I.    YU'S MISCLASSIFICATION CLAIM FAILS BECAUSE HIS POSITION WAS PROPERLY CLASSIFIED AS EXEMPT AS A MATTER OF LAW ...................................................................................................6

        A.  Yu's Position is Exempt under the Highly Compensated Employee Exemption. ........................................................................................................6

        B.  Yu's Position is Exempt under the Administrative Employee Exemption. ......................................................................................................10

        C.  Yu's Position is Exempt under the Computer Employee Exemption. ...................10

    II.    YU'S CLAIM THAT KNIGHTED EMPLOYEES MADE REFERENCE TO EXTRA PAYMENT AND OVERTIME WORK DOES NOT CHANGE YU'S EXEMPT STATUS AS A MATTER OF LAW ..............................12

CONCLUSION..........................................................................................................................15

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc.*
    477 U.S. 242 (1986)................................................................................................5

*Rivera v. Anjost Corp.*
    645 F. App'x 30 (2d Cir. 2016) ..........................................................................13, 14

*Bobadilla v. MDRC*
    No. 03 Civ. 9217, 2005 WL 2044938 (S.D.N.Y. Aug. 24, 2005) ............................... 10-11

*Clarke v. JP Morgan Chase Bank, N.A.*
    No. 08 Civ. 2400, 2010 WL 1379778 (S.D.N.Y. Mar. 26, 2010) ....................................11

*Clougher v. Home Depot U.S.A., Inc.*
    696 F. Supp. 2d 285 (E.D.N.Y. 2010) .................................................................14

*Klein v. Torrey Point Grp., LLC*
    979 F. Supp. 2d 417 (S.D.N.Y. 2013).....................................................................8

*Krupinski v. Laborers Eastern Regions Organizing Fund*
    No. 15 Civ. 982, 2016 WL 5800473 (S.D.N.Y. Oct. 2, 2016) ............................................8

*Levine v. Unity Health Sys.*
    847 F. Supp. 2d 507 (W.D.N.Y. 2012) ............................................................... 12-13

*Olorode v. Streamingedge, Inc.*
    No. 11 Civ. 6934, 2014 WL 1689039 (S.D.N.Y. Apr. 29, 2014)..........................10, 11, 12

*Schwind v. EW & Assocs., Inc.*
    357 F. Supp. 2d 691 (S.D.N.Y. 2005)................................................................7, 8

*Stein v. Guardsmark, LLC*
    No. 12 Civ. 4739, 2013 WL 3809463 (S.D.N.Y. July 23, 2013) ................................13, 14

*Wright v. Aargo Sec. Servs., Inc.*
    No. 99 Civ. 9115, 2001 WL 91705 (S.D.N.Y. Feb. 2, 2001) ...........................................14

## Statutes and Other

29 U.S.C. § 213...................................................................................................1, 6, 10

29 C.F.R. § 541.200....................................................................................................10

29 C.F.R. § 541.201 ................................................................................................................7

29 C.F.R. § 541.202 ................................................................................................................8

29 C.F.R. § 541.205 ................................................................................................................7

29 C.F.R. § 541.601 ................................................................................................................6

29 C.F.R. § 541.604 ..........................................................................................................13, 14

Federal Rule of Civil Procedure 56  ........................................................................................5

Defendant Knighted, LLC ("Defendant" or "Knighted"), by and through its attorneys, Frost Brown Todd LLC and Davis & Gilbert LLP, respectfully submits this Memorandum of Law in Opposition to Plaintiff Siji Yu's Motion for Summary Judgment on his Fair Labor Standards Act claim for unpaid overtime wages.

## PRELIMINARY STATEMENT

Plaintiff Siji Yu has one claim. He is claiming he is statutorily entitled to overtime payments under the Fair Labor Standards Act ("FLSA"). The issue on summary judgment is not whether he was promised overtime. The issue on summary judgment is not whether he worked overtime. The issue is whether he has a statutory right to overtime.

Yu does not have a statutory right to overtime because his position was exempt under the FLSA as a matter of law. Because Yu's position was exempt, Yu could have worked overtime or been promised payments in addition to his salary, but that does not mean he is statutorily entitled to overtime payments for hours worked over 40 hours in a workweek under the FLSA.

The undisputed material facts show that Knighted employed Yu as an exempt Senior Database Administrator and paid Yu an annual salary of $115,000 on a salary basis. The Senior Database Administrator position required advanced knowledge of databases and an advanced ability to troubleshoot, analyze, resolve, and document database issues. In this position, Yu independently researched and mitigated database-related risks and optimized database-related processes. Yu's skills in multitasking, prioritization, timeliness, and negotiating increased efficiency on projects and improved the system's performance. The databases Yu administered were the core of Knighted's warehouse management system business. Yu testified his work was very important and "a key piece of [Knighted's] system." Yu further explained that his contributions to Knighted were so significant that he caused Knighted's revenue to increase.

Yu mistakenly claims he has a right to overtime under the FLSA because two Knighted employees allegedly promised he would receive extra payments for additional work "regardless [of his] status, such as exempt status" and one Knighted employee referenced overtime work in a single email. Regardless of whether these statements are true, Yu is not entitled to overtime under the FLSA as a matter of law because his position was properly classified as exempt. The alleged statements by Knighted employees do not and cannot change Yu's exempt status as a matter of law. Under the FLSA, exempt employees may receive pay in addition to their salaries, including overtime pay, and this does make them statutorily entitled to overtime. An example from another industry is illustrative. An associate in a law firm may be required to work beyond her normally scheduled hours and receive a bonus for this extra work. This, however, does not transform the associate into a non-exempt employee entitled to time-and-a-half pay.

Though Knighted need only show that Yu's position fulfills one exemption, Yu's position is properly classified as exempt under three separate exemptions: the highly compensated, administrative, and/or computer employee exemptions. Therefore, Yu's Motion for Summary Judgment should be denied and Knighted's Motion for Summary Judgment (Dkt. Nos. 124-126) should be granted.

## STATEMENT OF FACTS

For the Court's convenience, Knighted includes a summary of relevant facts below. The detailed facts are set forth more fully in Knighted's Response to Yu's Local Rule 56.1 Statement and Knighted's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 submitted with its Motion for Summary Judgment (Dkt. No. 126), which are incorporated by reference herein.

**I.      Yu's Work Administering Knighted's Warehouse Management System Database.**

Siji Yu worked for Knighted as Senior Database Administrator from July 2013 to August 2014. (Knighted's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1, Dkt. No. 126, at ¶¶ 1, 17). Knighted designed a warehouse management system that tracking and locating items coming into and going out of the warehouse. (*Id.* at ¶¶ 3-4). The system tracked this information by putting it into databases administered by Yu. (*Id.* at ¶ 5).

Yu's work in relational databases was very important and the databases Yu administered were a key piece of Knighted's system. (*Id.* at ¶ 6). Yu's contributions to Knighted were so significant that he caused Knighted's revenues to increase. (*Id.* at ¶ 7). Knighted's growth and expansion was the result of Yu's work as a Senior Database Administrator. (Dkt. No. 126 at ¶¶ 7, 73-82).

**II.     Yu's Education and Background.**

Yu earned his bachelor's degree in industrial engineering at Shanghai University in China, and his master's degree in industrial engineering from the New Jersey Institute of Technology. (Dkt. No. 126 at ¶¶ 8-9.). After receiving his master's degree from the New Jersey Institute of Technology, Yu pursued his Ph.D. in industrial engineering at Wichita University in Kansas but did not complete the program. (*Id.* at ¶ 10). Yu also earned a master's degree from the City College of New York in computer science. (*Id.* at ¶ 11). At the time Yu began working at Knighted, he had twenty years of experience in IT and over ten years of experience specializing in database administration. (*Id.* at ¶¶ 12-14). Additionally, Yu came to Knighted with specific skills and knowledge to manage several different databases, including Oracle, SQL Server, My SQL, SyBase, Express, Erwin, Toad, Apache, IIS, TCP/IP, and others. (*Id.* at ¶ 15). Yu used this education and experience in his position at Knighted. (*Id.* at ¶ 16)

3

### III.    Yu's Job Duties as an Exempt Senior Database Administrator.

As a Senior Database Administrator, Yu had full responsibility for administering Knighted's databases and worked on a team with his manager and colleagues to provide input on how to fix database issues that impacted the entire system. (*Id.* at ¶¶ 17, 20-24). In his position, Yu received an annual salary above $100,000 per year and performed office work. (*Id.*, at ¶¶ 18-19). Yu was paid on a salary basis in the amount of $4,791.67 per pay period. (*See, e.g.*, Ex. 8 to Yu's Rule 56.1 Statement at KNIGHTED_000298-307, 310-314, 316, 318-322, 324-326; Dkt. No. 126 at ¶ 19). Yu efficiently managed the database, kept the database running on schedule, and improved the performance of the database. (*Id.* at ¶ 21). The work that took up most of Yu's time at Knighted was managing this system. (*Id.* at ¶ 22). Yu testified that the key to Yu performing his job well at Knighted was his initiative and ability to make suggestions to Knighted. (*Id.* at ¶ 25).

In his work, Yu was creative and troubleshooted any problem that arose with the databases. (*Id.* at ¶ 28). Yu would provide Knighted with recommendations to the best of his experience on a better or more efficient way to deal with the technical problem at issue. (*Id.* at ¶ 30). In a specific example, Yu developed and designed a technical procedure inside the database called a stored or stop procedure that was better and more useful to Knighted's systems. (*Id.* at ¶¶ 76-78). Yu testified that his development of this procedure involved a lot of processes and required a certain kind of skill. (*Id.* at ¶ 79).

Yu determined different priorities for tasks and coordinated with his team. (*Id*. at ¶¶ 27, 39). Yu decided what projects or tasks he would work on each day based on the priority of the projects, and he managed to handle many projects at the same time. (*Id.* at ¶ 29). Yu's work

4

required him to sense what is important. (*Id.* at ¶¶ 43-46). If an urgent system was down, Yu had to independently prioritize and pay immediate attention to it. (*Id.*).

Yu's annual performance review reflects the value of his exercise of discretion and independent judgment regarding matters of significance to Knighted. Yu was reviewed by his manager in categories such as independence, business acumen, action-oriented, commitment to professional growth and development, decision quality, innovation and continuous improvement, negotiation and persuasion, and quality and excellence. (*Id.* at ¶¶ 52-72). Yu's manager rated him as "advanced" or having a "mastery" level in each of these areas. (*Id.*). Yu testified he provided a very good quality of service and work ethic which helped to drive the system and the company. (*Id.* at ¶ 72).

## IV. Yu's Misclassification Claim.

Yu now claims his position was misclassified as exempt and he should have been paid overtime under the FLSA. In support of this, Yu alleges two Knighted employees, Dan Napoli ("Napoli") and Greg Cronin ("Cronin"), promised him overtime payments beyond his salary, and another Knighted employee, David Erickson ("Erickson"), referenced overtime work a single email. (Dkt. No. 128 at ¶¶ 1, 4, 9). Regardless of whether these statements were made, they do not change Yu's exempt status as a matter of law. Yu also alleges – without any citation to the record or any admissible evidence – that his compensation was reduced by hours he did not work. (Dkt. No. 128 at ¶ 26). Yu admitted at his deposition that he was paid a salary, and his after-the-fact allegation that his compensation was reduced has no basis in the evidentiary record. (Dkt. No. 126 at ¶ 19). More importantly, the documented evidence that Yu, himself, submitted to the Court shows he was paid on a salary basis in the amount of $4,791.67 per pay period, except for his first week working for Knighted where he did not work the full pay period, which

is permissible under the FLSA. (*See, e.g.*, Ex. 8 to Yu's Rule 56.1 Statement at KNIGHTED_000297 (starting pay period), KNIGHTED_000298-307, 310-314, 316, 318-322, 324-326). Finally, Yu alleges that Knighted had an expectation that he would be in the office for a set number of office hours. (Dkt. No. 128 at ¶ 25). However, the mere fact that Knighted had an expectation that Yu was present during normal office hours does not mean that he is nonexempt.

## ARGUMENT

**II.     Yu's Misclassification Claim Fails Because His Position was Properly Classified as Exempt as a Matter of Law.**

In his Motion, Yu argues that his Senior Database Administrator position was misclassified as exempt under the FLSA and he is therefore owed pay for overtime under the FLSA. Contrary to Yu's arguments, the undisputed material facts show that Yu's position was properly classified as exempt from the FLSA under the highly compensated, administrative, and/or computer employee exemptions as a matter of law.[1] *See* 29 U.S.C. § 213(a)(1), (17); 29 C.F.R. § 541.601.

**A. Yu's Position Is Exempt under the Highly Compensated Employee Exemption.**

Yu's Senior Database Administrator position is exempt under the FLSA's highly compensated employee exemption as a matter of law. An exempt highly compensated employee receives total annual compensation of at least $100,000 on a salary basis, performs office or non-manual work, and "customarily and regularly performs any **one** or more of the exempt duties or responsibilities of an executive, administrative, or professional employee." 29 C.F.R. § 541.601

---

[1] Knighted incorporates the arguments it made in its Motion for Summary Judgment and Memorandum of Law in Support by reference. *See* Dkt. Nos. 124-126.

(emphasis added).[2] "A high level of compensation is a strong indicator of an employee's exempt status, thus eliminating the need for a detailed analysis of the employee's job duties." *Id.* at § 541.601(c).

Yu received an annual salary above $100,000 per year and performed office work. (Knighted's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1, Dkt. No. 126, at ¶¶ 18-19). Yu was paid on a salary basis in the amount of $4,791.67 per pay period. (*See* Ex. 8 to Yu's Rule 56.1 Statement at KNIGHTED_000298-307, 310-314, 316, 318-322, 324-326; Dkt. No. 126 at ¶ 19). Further, though the Court need only find Yu performed one exempt duty for Yu's position to meet this exemption, the undisputed material facts show Yu performed two exempt duties: (1) Yu performed office, non-manual work directly related to the management or general business operations of Knighted's business or its customers; and (2) he exercised discretion and independent judgment regarding matters of significance. Either one of these duties, itself, precludes Yu's claim as a matter of law.

### 1. <u>Yu performed office work directly related to Knighted's business.</u>

First, Yu performed office work directly related to the management or business operations of Knighted's business or its customers. An employer's management or business operations include work that "affects business operations to a substantial degree, even though [the employee's] assignments are tasks related to operation of a particular segment of the business." *Schwind v. EW & Assocs., Inc.,* 357 F. Supp. 2d 691, 704 (S.D.N.Y. 2005) (quoting 29 C.F.R. § 541.205(a)-(c)). Duties "directly related to management policies or general business operations" specifically include "computer network, internet and *database administration*." 29 C.F.R. § 541.201(b) (emphasis added).

---

[2] Because Yu was employed with Knighted from July 2013 to August 2014, the prior salary threshold of $100,000 effective through November 30, 2016 applies. *See* 29 C.F.R. § 541.601.

Yu performed such database administration work and therefore meets the criteria for this exempt duty as a matter of law. 29 C.F.R. § 541.201(b). (Dkt. No. 126 at ¶¶ 17, 20-24). As a Senior Database Administrator, Yu had full responsibility for administering Knighted's databases and worked on a team with his manager and colleagues to provide input on how to fix database issues that impacted the entire system. (Dkt. No.126 at ¶¶ 17, 20-24). Yu efficiently managed the database, kept the database running on schedule, and improved the performance of the database. (*Id.* at ¶ 21). The work that took up most of Yu's time at Knighted was managing this system. (*Id.* at ¶ 22). Yu testified that the key to him performing his job well at Knighted was his initiative and ability to make suggestions to Knighted. (*Id.* at ¶ 25). Yu's work as a Senior Database Administrator affected Knighted's business operations to a substantial degree. *See Schwind*, 357 F. Supp. 2d at 704. Yu testified that he increased Knighted's revenues through his contributions as a Senior Database Administrator, and that Knighted growth and expansion was the result of Yu's work as a Senior Database Administrator. (Dkt. No. 126 at ¶¶ 7, 73-75). As such, Yu performed office work directly related to Knighted's business operations.

### 2. <u>Yu exercised discretion and independent judgment regarding matters of significance.</u>

Yu also performed a second exempt function of exercising discretion and independent judgment regarding matters of significance. *See* 29 C.F.R. § 541.202(a). "Factors for courts to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, among others, 'whether the employee carries out major assignments in conducting the operations of the business' and 'whether the employee performs work that affects the business operations to a substantial degree.'" *Krupinski v. Laborers Eastern Region Organizing Fund*, No. 15 Civ. 982, 2016 WL 5800473 (S.D.N.Y. Oct. 2, 2016) (granting summary judgment to employer on misclassification claim) (quoting 29

C.F.R. § 541.202(b)); *see also Klein v. Torrey Point Grp., LLC,* 979 F. Supp. 2d 417, 428 (S.D.N.Y. 2013) (holding these factors to be "illustrative, but neither exclusive or inclusive.").

As in *Krupinski*, the undisputed material facts in this case show Yu carried out major assignments in conducting the operations of the business and performed work that affected Knighted's business operations to a substantial degree. 2016 WL 5800473, at *8-9. In fact, Yu's contribution directly resulted in an increase in Knighted's revenues. (Dkt. No. 126 at ¶¶ 7, 73). As Yu himself explained, he would provide Knighted with recommendations to the best of his experience on a better or more efficient way to deal with the technical problem at issue. (*Id.* at ¶ 30). Yu determined different priorities for tasks and coordinated with his team. (*Id.* at ¶¶ 27, 39). Yu decided what projects or tasks he would work on each day based on the priority of the projects, and he managed to handle many projects at the same time. (*Id.* at ¶ 29). Yu's work required him to sense what is important. (*Id.* at ¶¶ 43-46). If an urgent system was down, Yu had to independently prioritize and pay immediate attention to it. (*Id.*).

Yu's annual performance review reflects the value of his exercise of discretion and independent judgment regarding matters of significance to Knighted. Yu was reviewed by his manager in categories such as independence, business acumen, action-oriented, commitment to professional growth and development, decision quality, innovation and continuous improvement, negotiation and persuasion, and quality and excellence. (*Id.* at ¶¶ 52-72). Yu's manager rated him as "advanced" or having a "mastery" level in each of these areas. (*Id.*). Yu testified he provided a very good quality of service and work ethic which helped to drive the system and the company. (*Id.* at ¶ 72).

Yu received an annual salary above $100,000 per year and was paid on a salary basis. Though Yu need only have performed one exempt duty to be classified as exempt under the

9

highly compensated employee exemption, the undisputed material facts show Yu performed two exempt duties of (1) performing office, non-manual work directly related to the management or general business operations of Knighted's business or its customers, and (2) exercising discretion and independent judgment regarding matters of significance. Accordingly, Yu is properly classified as a highly compensated exempt employee and his misclassification claim fails as a matter of law.

### B. Yu's Position Is Exempt under the Administrative Exemption.

Yu's claim also fails because his position is exempt under the FLSA's administrative employee exemption as (1) he was compensated at no less than $455 a week on a salary basis, (2) his position's "primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers," and (3) his position's "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a).

As set forth in Section A above, *see supra* pp. 6-9, Yu received an annual salary of over $100,000 per year on a salary basis and performed office work directly related to the management or general business operations of Knighted's business or its customers, including the exercise of discretion and independent judgment regarding matters of significance. As such, Yu is properly classified as an exempt administrative employee as a matter of law.

### C. Yu's Position is Exempt under the Computer Employee Exemption.

Yu's claim also fails because his position is properly classified as exempt under the computer employee exemption as a matter of law. 29 U.S.C. § 213(a)(17). In reviewing the computer employee exemption, courts look to many factors regarding the employee's duties, including technical computer education, training from previous jobs, and the prior experience.

*See Olorode v. Streamingedge, Inc.*, No. 11 Civ. 6934, 2014 WL 1689039, at *21 (S.D.N.Y. Apr. 29, 2014). In *Olorode*, for example, where the plaintiff testified his role was vital to the employer's functionality and his tasks were often sophisticated, the court found he was exempt under the computer employee exemption and not entitled to overtime pay. *Id.* at *23; *see also Bobadilla v. MDRC*, No. 03 Civ. 9217, 2005 WL 2044938 at *1-9 (S.D.N.Y. Aug. 24, 2005) (employee was exempt under computer employee exemption where he performed highly technical computer and network related tasks which required the employee's discretion to make analytical decisions); *Clarke v. JPMorgan Chase Bank, N.A.*, No. 08 Civ. 2400, 2010 WL 1379778, at *22 (S.D.N.Y. Mar. 26, 2010) (holding computer employee exempt where employee held technical certifications and employee's testimony of primary job duties included solving complex network problems and advanced support issues).

Here, Yu's education and experience, combined with his job duties, make him an exempt computer employee. *See Olorode*, 2014 WL 1689039 at *21-23; *Bobadilla*, 2005 WL 2044938 at *1-9. Yu earned his bachelor's degree in industrial engineering at Shanghai University in China, and his master's degree in industrial engineering from the New Jersey Institute of Technology. (Dkt. No. 126 at ¶¶ 8-9.). After receiving his master's degree from the New Jersey Institute of Technology, Yu pursued his Ph.D. in industrial engineering at Wichita University in Kansas but did not complete the program. (*Id.* at ¶ 10). Yu also earned a master's degree from the City College of New York in computer science. (*Id.* at ¶ 11). At the time Yu began working at Knighted, he had twenty years of experience in IT and over ten years of experience specializing in database administration. (*Id.* at ¶¶ 12-14). Additionally, Yu came to Knighted with specific skills and knowledge to manage several different databases, including Oracle, SQL Server, My

11

SQL, SyBase, Express, Erwin, Toad, Apache, IIS, TCP/IP, and others. (*Id.* at ¶ 15). Yu used this education and experience in his position at Knighted. (*Id.* at ¶ 16).

In addition to his education and experience, Yu's job duties also show his position is exempt. Yu performed highly-skilled work including solving complex system issues and developing computer systems. *Clarke*, 2010 WL 1379778 at *22; *Bobadilla*, 2005 WL 2044938 at *1-9. As Senior Database Administrator, Yu took full responsibility for Knighted's databases and fixed database issues that impacted the entire system. (Dkt. No. 126 at ¶ 23). In his work, Yu was creative and troubleshooted any problem that arose with the databases. (*Id.* at ¶ 28). Yu provided Knighted with recommendations to the best of his experience on a better or more efficient way to deal with the technical problem at issue. (*Id.* at ¶ 30). In a specific example, Yu developed and designed a technical procedure inside the database called a stored or stop procedure that was better and more useful to Knighted's systems. (*Id.* at ¶¶ 76-78). Yu testified that his development of this procedure involved a lot of processes and required a certain kind of skill. (*Id.* at ¶ 79).

Yu efficiently managed the database, kept the database running on schedule, and improved the performance of the database. (*Id.* at ¶ 21). The work that took up most of Yu's time at Knighted was managing this system. (*Id.* at ¶ 22). Moreover, as in *Olorode*, Yu explained his work was very important and "a key piece of [Knighted's] system." 2014 WL 1689039 at *23. (Dkt. No. 126 at ¶ 6). Yu's work was not only a technical improvement, but also a financial benefit to Knighted and increased Knighted's revenue. (Dkt. No. 126 at ¶¶ 7, 73-82). Therefore, Yu's position is exempt under the FLSA's computer employee exemption as a matter of law.

**II.     Yu's Claim That Knighted Employees Made Reference to Extra Payments and Overtime Work Does Not Change Yu's Exempt Status as a Matter of Law.**

Yu claims his position was misclassified as exempt because two Knighted employees, Dan Napoli ("Napoli") and Greg Cronin ("Cronin"), allegedly promised him extra payments beyond his salary, and another Knighted employee, David Erickson ("Erickson"), referenced overtime work in a single email. Regardless of whether these statements are true, as a matter of law, they do not change Yu's exempt status. "[T]he focus of the FLSA, and [the Court's] inquiry, is whether the plaintiffs were actually paid on a salary or hourly basis, and not how they may have interpreted their employer's . . . terminology." *Levine v. Unity Health Sys.*, 847 F. Supp. 2d 507, 509-10 (W.D.N.Y. 2012) (granting employer's motion for summary judgment on employee's FLSA misclassification claim).

Under 29 C.F.R. § 541.604(a), an employer may provide an exempt employee with additional compensation without losing the exemption or violating the salary basis requirement if the employee is paid at least the minimum weekly-required amount paid on a salary basis. Such additional compensation may be paid on any basis (e.g., flat sum, bonus payment, straight-time hourly amount, time and one-half, or any other basis), and may include paid time off. *Id.*

For example, in *Rivera v. Anjost Corp.*, the plaintiff argued he was not paid on a salary basis because he received "differing amounts each week based upon the number of days he worked." 645 F. App'x 30, 31 (2d Cir. 2016). The Second Circuit affirmed the district court's grant of summary judgment to the employer, holding "[t]he undisputed evidence shows that [plaintiff] always received regular weekly compensation for five days (or less) of work per week. [Plaintiff] introduced no evidence that he ever received less than that standard weekly amount. Indeed, [he] repeatedly admitted that he was paid a salary, and admitted that he was paid for sick, vacation, and personal days. He was provided additional compensation for weeks that he worked an additional (sixth) day, in the amount of one-fifth his usual weekly pay." *Id.* The court

specifically cited 29 C.F.R. § 541.604(a), stating "additional compensation for additional work does not impair exempt status." *Id.*

Even more significantly, in *Stein v. Guardsmark, LLC*, the plaintiff argued she was not paid on a salary basis because she was paid overtime, and therefore was misclassified as an exempt employee. No. 12 CIV. 4739 JPO, 2013 WL 3809463, at *5 (S.D.N.Y. July 23, 2013). In granting summary judgment to the employer, the United States District Court for the Southern District of Ohio held that her argument failed because "the payment of overtime does not compromise a finding that an employee was paid on a 'salary basis.'" *Id.* at *5. The court stated, "[i]n applying 29 C.F.R. § 541.604(a), courts have consistently held that an employee's receipt of additional amounts, ***including overtime***, above his predetermined base compensation does not destroy the employee's otherwise valid salary status." *Id.* (citing *Wright v. Aargo Sec. Servs., Inc.,* No. 99 Civ. 9115, 2001 WL 91705, *5 (S.D.N.Y. Feb. 2, 2001)) (emphasis in original).

Yu claims his position was misclassified because he was promised overtime. As in *Stein* and *Rivera*, however, an exempt employee may be paid overtime or other amounts in addition to his salary. *Id.*; 645 F. App'x 30, 31 (2d Cir. 2016). Yu testified he was paid on a salary basis. (Dkt. No. 126 at ¶ 19). Yu's payroll records confirm this testimony and show Yu was paid the same salary each pay period: $4,791.67. (*See* Ex. 8 to Yu's Rule 56.1 Statement at KNIGHTED_000298-307, 310-314, 316, 318-322, 324-326). Finally, Yu alleges that Knighted had an expectation that he would be in the office for a set number of office hours. (Dkt. No. 128 at ¶ 25). However, the mere fact that Knighted had an expectation that Yu was present during normal office hours does not mean that he is nonexempt. *See Clougher v. Home Depot U.S.A., Inc.*, 696 F. Supp. 2d 285, 295 (E.D.N.Y. 2010) (holding employee was exempt and paid on a salary basis where employer had 55-hour per week policy, as such policy "does not suggest that

[employee's] compensation was hours-based, and does not undermine his proper classification as a salaried employee.").

Accordingly, Yu was paid on a salary basis and any additional compensation Yu may have been promised does not change his exempt status under the FLSA. Therefore, Yu is not owed payment for any alleged overtime under the FLSA as a matter of law and his misclassification claim fails.

## CONCLUSION

For the foregoing reasons, Yu's Motion for Summary Judgment should be denied, and Knighted's Motion for Summary Judgment should be granted. Accordingly, judgment should be entered against Yu and in favor of Knighted.

Dated: November 16, 2018  
       Cincinnati, Ohio

Respectfully submitted,

FROST BROWN TODD LLC

By: */s/ Jennifer A. Rulon*  
    Jennifer A. Rulon (*pro hac vice*)  
    David A. Skidmore, Jr. (*pro hac vice*)  
    3300 Great American Tower  
    301 East Fourth Street  
    Cincinnati, OH 45202  
    (513) 651-6800  
    jrulon@fbtlaw.com  
    dskidmore@fbtlaw.com

DAVIS & GILBERT LLP  
    Shira Franco  
    Sharon S. Cohen  
    1740 Broadway  
    New York, New York 10019  
    (212) 468-4800  
    sfranco@dglaw.com  
    shcohen@dglaw.com

*Attorneys for Defendant Knighted, LLC, an Intelligrated Company*

## **CERTIFICATE OF SERVICE**

I certify that on November 16, 2018, a copy of the foregoing was served upon *pro se* Plaintiff Siji Yu, 81 Fenton Way, Hopewell Junction, NY 12533, sy08us@gmail.com, via U.S. mail and electronic mail. I further certify that copies of all cases or other authorities cited in the foregoing Memorandum that are unpublished or reported exclusively on computerized databases were served to Plaintiff Siji Yu via U.S. mail and email on November 16, 2018, in compliance with Local Civil Rule 7.2.

*/s/ Jennifer A. Rulon*
Jennifer A. Rulon

0100352.0632243   4820-3096-7674v2